# Wytheville.

## TAYLOR v. FORBES' ADMINISTRATOR AND OTHERS.

### June 25, 1903.

1. LIMITATION OF ACTIONS—*Covenants in Deed—Acceptance by Grantee—Failure to Sign.*—The grantee's contract, by reason of his acceptance of a deed without executing it, containing a covenant on his part to pay notes given for deferred payments of purchase money, is a simple contract, and not a specialty, and is subject to the act of limitations applicable to simple contracts, to-wit: three years.

2. EQUITY—*Bill to Enforce Lien on Land—Parties—Heirs and Representative of Grantee.*—The personal representative and heirs of a deceased joint grantee of real estate are necessary parties to a bill by a vendor to subject said real estate to the payment of the purchase price thereof.

3. EQUITY—*Final Decree—Dismissal of Bill as to One Defendant.*—In a suit by a vendor against one of two joint vendees and the personal representative and heirs of the other vendee, a decree sustaining a plea of the statute of limitations filed by such personal representative and heirs, and dismissing the bill as to them, is not a final decree as to the other vendee.

Appeal from two decrees of the Corporation Court of the city of Roanoke pronounced at the May term, 1902, and the March term, 1903, respectively, of said court, in a suit in chancery, wherein the West End Land Company was the complainant, and the appellant and others were defendants.

*Reversed in part.*

In September, 1890, the West End Land Company sold to C. P. Harrison two lots in the city of Roanoke. Harrison made

the cash payment, and gave two negotiable notes for $375 each, payable in one and two years after date with interest from date, for the deferred payments of purchase money. The company conveyed the lots to Harrison, and thereupon Harrison reconveyed the lots to a trustee to secure the notes given for deferred payments. About a month thereafter Harrison sold these lots to Martha H. Taylor and L. May Forbes, who paid part of the purchase money in cash, and assumed the payment of the notes given by Harrison as part of their purchase price of the property. This assumption was simply by accepting a deed from Harrison to them in which it was stated that the grantees assumed and covenanted to pay off said notes, but which deed was not signed by the grantees. It will be observed that the notes given by Harrison fell due in September, 1891, and 1892, respectively. Mrs. Forbes died August 5, 1893. Her personal representative qualified in November, 1895, and this suit was instituted August 7, 1895. The amended bill making the personal representative and heirs of Mrs. Forbes parties to the suit was filed August, 1896. The original bill set forth the sale of the land by the company to Harrison, and by Harrison to Mrs. Forbes and Mrs. Taylor, and prayed that Mrs. Forbes and Mrs. Taylor might be made parties defendants; that a decree might be rendered in favor of complainant for the amount due to it by the defendants, Mrs. Forbes and Mrs. Taylor, and for general relief. There was no prayer in the bill for enforcement of the lien of the deed of trust given to secure the Harrison notes. The personal representative and heirs of Mrs. Forbes were brought in by an amended and supplemental bill, and the extent of the relief prayed for somewhat enlarged. After certain proceedings had been taken in the case, which need not be here introduced, the case was referred to a commissioner to take certain accounts. This was done by decree entered January 28, 1898. While the case was pending before the commissioner the papers were lost and nothing further was

done before the commissioner for several years. There is some conflict as to what transpired after the papers were found. At all events, a decree was made at the May term, 1902, dismissing the bill as to the representatives of Mrs. Forbes, on the ground that the claim asserted therein was barred by the statute of limitations. At the January term, 1903, the appellant, Mrs. Taylor, tendered her bill of review to the decree of the May term, 1902. The following errors were assigned in that decree:

"A. Because exclusive of the statutory period defined by section 2919, Code of 1887, as amended, three years had not elapsed between the maturity of the two-year note and the institution of the suit on the amended bill.

"B. Because the deed from C. P. Harrison to your petitioner and L. May Forbes was accepted by the grantee and contained an agreement to pay the debt.

"C. Because, under the facts and allegations set out in answer of your petitioner to the original bill, your petitioner claimed the right to have the assets of the estate of L. May Forbes applied to the payment of her half of the notes aforesaid: Because the same was primarily liable therefor, and because there was no bar to your petitioner's right to have said property subjected to the payment of said debts.

"D. Because the court should have retained the heirs-at-law of L. May Forbes as parties defendant to the suit, enforced the deed of trust hereinbefore mentioned, and adjusted the equities between the defendants, *inter sese.*

"E. Because the court should not have passed upon the question relating to one of the obligor's primarily liable, for the debt sued for in the absence of your petitioner, who was, if liable at all, only secondarily liable therefor, without giving her an opportunity to be heard on the contentions set out in her answer."

The administratrix of Mrs. Forbes resisted the filing of the bill, but the court permitted it to be filed. Later, during the

same term, the representatives of Mrs. Forbes made a motion before the court to set aside the decree entered during a former day of the court permitting the bill of review to be filed, on the ground that the record did not show that the complainant's answer to the original bill had been filed, and hence there was nothing in the cause from which she had asked any relief as against the estate of Mrs. Forbes. Thereupon, the appellant tendered an amended bill of review in which she set up the fact that the court and counsel for all parties interested had treated the answer as filed by her as if the record had showed the filing of the same; that the said answer had been presented in open court, and all parties supposed the record showed its filing until after the bill of review was filed, and praying for an order *nunc pro tunc* showing the filing of said answer as of the September term, 1895, of the court. But the court at its March term, 1903, set aside the order allowing the original bill of review to be filed, and refused to permit the amended bill of review to be filed, thus leaving the original decree in force, sustaining the plea of the statute of limitations and dismissing the cause as to the representatives of Mrs. Forbes. This decree of March term, 1903, is one of the decrees appealed from.

*Scott & Staples, A. B. Coleman* and *S. Hamilton Graves,* for the appellant.

*C. A. McHugh,* for the appellees.

Buchanan, J., delivered the opinion of the court.

C. P. Harrison purchased from the West End Land Company of Roanoke city two lots, paid part of the purchase price in cash, and executed two negotiable notes for the residue, each for $375, dated September 23, 1890, and payable respectively in one and two years from date. On the 25th of October following, Harrison sold and conveyed the lots to Mrs. Martha H.

Taylor, the appellant, and Mrs. L. May Forbes, jointly, who paid the purchase price in cash, except the amount of the two notes executed by Harrison to the land company, which they assumed to pay. Mrs. Taylor paid her half of each note. To collect the other half of the notes the West End Land Company filed its bill, naming as defendants Mrs. Taylor and Mrs. Forbes. The latter having died after the notes matured and before the suit was brought, an amended bill was filed, making defendants thereto, in addition to Mrs. Taylor, the personal representative, heirs, and devisees of Mrs. Forbes, and the trustee in the deed of trust executed by Harrison upon the lots to secure the payment of the notes which he had executed to the land company, and whose payment had been assumed by Mrs. Taylor and Mrs. Forbes.

The personal representative of Mrs. Forbes filed a plea, in which she alleged that the right of action had accrued more than three years prior to the institution of the suit; and, upon a hearing of the cause upon the supplemental bill, the papers formerly read, and the plea of the statute of limitations, and replication thereto, the plea was sustained, and the suit dismissed as to the personal representatives, heirs, and devisees of Mrs. Forbes. From that decree, and a decree refusing to permit Mrs. Taylor to file a bill and an amended bill of review, this appeal was granted.

The first error assigned is that the court erred in holding that that portion of the purchase price of the lots for which Mrs. Forbes was personally liable, and unpaid, was barred by the statute of limitations.

There is no question that more than three years had elapsed from the maturity of the purchase-money notes, before the amended bill was filed, if the time between the death of Mrs. Forbes and the filing of the amended bill is counted. This period, it was claimed in the petition for appeal, should be excluded, in ascertaining the time during which the statute had been running. That claim was abandoned in argument.

The contention of the appellant is that the statute of limitations applicable to the case is ten years and not three, as the trial court held.

The determination of that question depends upon the character of the contract by which Mrs. Taylor and Mrs. Forbes assumed the payment of the notes in suit. The deed by which Harrison conveyed the lots to Mrs. Taylor and Mrs. Forbes states that the parties of the second part assume, and covenant to pay off and discharge, the said notes. Neither Mrs. Taylor nor Mrs. Forbes signed the deed, but they accepted it and took possession of the lots under it.

The authorities are agreed that, by accepting a deed like the one under consideration, the grantee becomes liable to perform any promise or undertaking therein imposed upon him, but they are in conflict as to the character of the undertaking.

It is held in some of the States that an agreement of the grantee in a deed signed and sealed by the grantor only is in the nature of a covenant under seal, and consequently a specialty. In others it is held that such an agreement is in the nature of an assumpsit or implied contract arising from the acceptance of the deed, and consequently a simple contract.

Counsel have not cited, nor have we found in our investigation, any decision of this court in which that question was considered and passed upon. That such an agreement is not a specialty or contract under seal, and that an action of covenant will not lie upon it at common law, is the accepted doctrine in this State, as we understand it.

Mr. Conway Robinson, a text-writer of the highest authority upon common-law pleading and practice in this State, was of this opinion. In his New Practice, Vol. 3, p. 362-'3, he says: "Of the action of covenant, it was·said by Abbott, C. J., that 'it cannot be maintained, except against a person who, by himself, or some other persons acting in his behalf, has executed a deed under seal, or who (under some very peculiar circum-

stances, such as is maintained in Co. Lit. 231a.) has by deed agreed to do a certain thing.' *Burnett* v. *Lynch*, 5 Barn. & Cress. 589, 12 Eng. Com. Law, 331. It would, however, be a mistake to suppose that an action of covenant can be maintained against the grantee in a deed poll under any circumstances, or against any one else who had not sealed it. *Lock* v. *Wright*, Str. 571; *Maule* v. *Weaver*, 7 Bair, 331. For in the case obscurely stated in Co. Lit. 231a, the form of action proves to be debt, and not covenant. This has been ascertained by Mr. Platt, on reference to the Year Book, 38 Ed. III., 8a, from which the case is extracted. The case in the Year Book 3 H. VI., c. 26h, referred to in Co. Lit., Mr. Platt states, also was an action of debt, and related to the defeasance of an obligation. Platt on Cov. 12, 13. Covenant, then, will lie only where the instrument is actually signed and sealed by the party, or by his authority."

This view is sustained by the decisions of courts of the highest authority.

In *Pike* v. *Brown*, 7 Cush. 133, Chief-Justice Shaw said: "The principle is well settled that where one by deed poll grants land and conveys any right, title, or interest in real estate to another, and where there is any money to be paid by the grantee to the grantor, or any other debt or duty to be performed by the grantee to the grantor, or for his use or benefit, and the grantee accepts the deed and enters on the estate, the grantee becomes bound to make such payment or perform such duty, and, not having sealed the instrument, is not bound by it as a deed; but, it being a duty, the law implies a promise to perform it, upon which promise, in case of failure, assumpsit will lie."

The Supreme Court of Pennsylvania, in *Maule* v. *Weaver*, 7 Pa. 329, in an opinion delivered by Chief-Justice Gibson, held that covenant would not lie against a grantee in a deed poll under any circumstances, or against any one else who had not sealed it.

In *Willard* v. *Wood*, 164 U. S. 502, 17 Sup. Ct. 176, 41 L. Ed. 531, the Supreme Court of the United States (Chief-Justice Fuller speaking for the court) held that the grantee's liability by reason of his acceptance of a deed, without executing it, containing a covenant on his part to assume a mortgage on the premises conveyed, was a simple contract, not a specialty, and subject to the statute of limitations applicable to simple contracts.

To the same effect is the decision of the Supreme Court of West Virginia in *W. Va., &c. R. Co.* v. *McIntire*, 44 W. Va. 210, 216, 217, 28 S. E. 696. The syllabus in the case on that point states exactly the opposite of what the court decided.

We are of opinion that the agreement of Mrs. Taylor and Mrs. Forbes was a simple contract, not a specialty, and that the court did not err in sustaining the plea of the statute of limitations, but it did err in dismissing the cause as to the personal representative, heirs, and devisees of Mrs. Forbes. One of the objects of the amended bill was to subject the lots purchased by Mrs. Forbes and Mrs. Taylor to the payment of the notes sued on. They or their representatives were necessary parties to the suit.

The court by its decree of the May term, 1902, passed upon no question in the case, except the plea of the statute of limitations set up by the personal representative of Mrs. Forbes. The determination of that question did not adjudicate or affect any question between Mrs. Taylor and Mrs. Forbes' estate growing out of the purchase of the lots for which the notes sued on were given.

That decree was not a final decree as to the appellant. She still had the right, under section 3275 of the Code of 1887, to file an answer, and, but for the dismissal of the suit as to Mrs. Forbes' representatives, could have made all the defences and asserted all the rights she could have made and asserted if that decree had not been made. When that decree is corrected in

that respect, as we have seen it must be, she is in no way prejudiced by it.

Having reached that conclusion, it is unnecessary to consider the assignments of error as to the refusal of the court to permit the appellant to file her bill and amended bill of review to set aside that decree.

The decree of the May term, 1902, must be reversed in so far as it dismissed the bill against the personal representative, heirs, and devisees of Mrs. Forbes, and affirmed in other respects, and the cause remanded to the Corporation Court to be further proceeded with in accordance with law, and not in conflict with the views expressed in this opinion.

*Reversed in part.*