# CHARLESTON.

STATE *v.* FELIX KOIL

(No. 5643)

Submitted November 16, 1926.   Decided January 18, 1927.

1.   CRIMINAL LAW—*Evidence Obtained by Unlawful Arrest is Inadmissible in Prosecution Under Prohibition Law.*

Evidence obtained by an unlawful arrest of the defendant is inadmissible in a prosecution for violation of the prohibition law.   (p. 20).

(Criminal Law, 16 C. J. § 1110.)

103 W. Va.

2.    ARREST—*When Facts Within Officer's Observation, in Con-
nection With Common Knowledge, Give Probable Cause to
Believe or Reasonable Grounds to Suspect Offense, Crime
is Committed "In Presence of Officer"; Arrest Without
Warrant, on Suspicion That Defendant Had Liquor Con-
cealed in Sack, Held Illegal.*

A crime is committed in the presence of an officer when the
facts and circumstances occurring within his observation, in
connection with what, under the circumstances, may be con-
sidered as common knowledge, give him probable cause to be-
lieve or reasonable grounds to suspect that such is the case.
A case in which the evidence is insufficient to show the com-
mission of an offense by the defendant in the presence of an
officer.    (p. 22).

(Arrest, 5 C. J. § 45.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not
part of syllabi.)

Error to Circuit Court, Monongalia County.

Felix Koil was convicted of having possession of moonshine
liquor, and he brings error.

*Reversed and remanded.*

*Eugene H. Long,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* As-
sistant Attorney General, for the State

LITZ, JUDGE:

The defendant, Felix Koil, was tried and convicted in the
circuit court for possession of moonshine liquor.

The sole ground of error assigned upon this writ is that the
only evidence of guilt was obtained through an unlawful
arrest of the defendant by Mike Hines, a deputy sheriff, with-
out a warrant.    The circumstances of the arrest, detailed by
Hines as a witness for the State, follow:

Q    Please explain to the jury just why you ar-
rested him on that particular night.
A    I was walking down the road and walked
within three or four feet of him.    He had a sack in
his hand and just as he started to cross the bridge,
I said "Wope, hold on there!"    He looked around
and says "You got me, Mike".
Q    What did you do then?
A    Arrested him and put him in jail.

Q   Did you open the sack?
A   I did, and looked in.
Q   What did you find in the sack?
A   Three one-gallon cans.
Q   Did you know what was in the cans?
A   Not at the time, only he told me I had him.
Q   Did you afterwards learn what was in the cans?
A   The next day.
Q   What was in the cans? * * * * * *
A   Moonshine. * * * * * *
Q   Did he have the sack in his hand or on the ground when you arrested him?
A   In his hand, and when I arrested him he let it slip down on the ground. * * * * *
Q   When, with reference to the sack going to the ground, did you arrest him?
A   As soon as I could reach him.
Q   Was that done after the sack was down on the road or before?
A   It was as soon as I saw him. I said "Wope". And I put him under arrest as the sack slid through his fingers.

Hines further testifies he had "a warrant for a Maxwell car No. 53052", the ownership of which is not shown. It is sought to justify the arrest without a warrant after the defendant had been halted by the officer with the command, "Wope, hold on there", because of the mere statement of the former to the latter, "You got me, Mike".

In *State* v. *Lutz*, 85 W. Va. 330, it is said:

"One of the vices of instruction number thirteen is that it is inapplicable to the facts proven; *another is that in its broad terms it tells the jury an arrest without a warrant may be made in case of misdemeanor committed in the presence of the officer.* The instruction is inapplicable to the facts, because *there is no evidence that any offense was committed by the prisoner in the presence of the officer.* The evidence is that the prisoner was standing on the street offending no one, when the officer approached, placed his hands upon him and felt of his pockets, and inquired of him what he had on him, and was then told by the prisoner that he had three pints. Whereupon the officer put his

hand on his left arm and said: 'Come with me'. Nothing was said or inquired about a pistol, and *it does not appear that the officer had seen either liquor or pistol* when he made the arrest.''

The case holds: ''An offense can be said to be committed in the presence of an officer only when he sees it with his own eyes, or sees one or more of a series of acts constituting the offense, and is aided by his other senses or by information as to the others''; and that in the absence of statutory authority an officer cannot arrest without a warrant for misdemeanor, even when committed in his presence, unless involving a breach of peace.

It was decided in *State* v. *Whitt,* 96 W. Va. 268, that a sheriff and his deputies are peace officers or conservators of the peace, and as such they may without a warrant arrest one who commits in their presence a breach of the peace, or ''a misdemeanor which cannot be stopped or redressed without immediate arrest''.

We need not determine whether an officer may without a warrant arrest one, to his knowledge in possession of intoxicating liquors in violation of law; the evidence being wholly insufficient to justify the arrest of the defendant on the theory that he was at the time committing a crime in the presence of the deputy sheriff. An offense is considered as taking place within the view of a police officer where his senses afford him knowledge that one is being committed. 2 R. C. L. p. 448. ''A crime is committed in the presence of an officer when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case.'' Cornelius on Search and Seizure, Sec. 28.

In the case of *State* v. *Dunivan,* (Mo.) 269 S. W. 415, the defendant, walking with a sack under his arm, on meeting an officer turned and ran. The officer pursued and, overtaking the defendant, commanded him to stop, thereupon the defendant dropped the sack and halted. The officer picked up the sack and found concealed therein a jug of liquor. Taking

possession thereof, he placed the defendant in jail. The court, in excluding the evidence, said:

> "The officer in the cause at bar at most had only a suspicion that defendant was in the possession of whiskey. There had been no felony committed, and the officer was not on the lookout for a felon. He merely suspicioned that defendant was committing a misdemeanor. There was nothing of substance, as evidential substance is understood, to justify pursuit, but notwithstanding the absence of right or justification the officer 'went down after him' ".

The prosecution relies upon *State* v. *Brown,* 101 W. Va. 160; *State* v. *Knight,* 94 W. Va. 150; *State* v. *Snodgrass,* 91 W. Va. 553; *Boyd* v. *United States,* 286 Fed. 930; *Bell* v. *United States,* 285 Fed. 145; *State* v. *Kamhout,* 227 Mich. 172. In these cases the incriminating evidence was obtained without search or arrest of the defendant. They do not in any way reverse or modify the rule established in *State* v. *Wills,* 91 W. Va. 660, and other cases of this Court that evidence secured by unlawful arrest of the defendant is inadmissible in a violation of the prohibition law.

The judgment of the circuit court is reversed, the verdict of the jury set aside, and a new trial awarded defendant.

*Reversed and remanded.*