## CHARLESTON.

STATE *v.* TONY OLIVETTI

(No. 6308)

Submitted April 30, 1929.     Decided May 7, 1929.

358

*A. J. Rosenshine,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

WOODS, PRESIDENT:

Tony Olivetti was tried on an indictment charging that he and Loren Miller did feloniously and maliciously wound E. S. Duckworth, a member of the Department of Public Safety. Having been found guilty, by the jury, of an assault and battery, he prosecutes this writ from a judgment entered on the verdict.

The alleged assault occurred sometime after three o'clock in the morning. Duckworth was proceeding in his car out Second Street in the city of Weston, when a Hudson car stopped, and someone in it shouted something to him. He alighted from his car and went over to the Hudson, and Olivetti, who was at the wheel, asked something about the way to Glenville, or if that was the way. Duckworth states that he smelled "strong fumes" of moonshine liquor from the direction of the car, and on reaching it he noticed that the fumes came from the interior and also that the occupants thereof appeared to be under the influence of liquor. A package "which resembled a bottle" was lying on the rear seat occupied by Loren Miller. Duckworth picked it up, unwrapped it, and found it to be a quart bottle of moonshine liquor. The occupants of the Hudson were then ordered to step out of the car, being at that time informed that they were under arrest. A smaller bottle also containing liquor was found, a portion of the contents having been consumed. A search was made of Miller and Mencer, and both resumed their original positions in the rear and front seats of the car, respectively. Olivetti, after being searched, was instructed to remain where he was while Duckworth stepped across the street to turn off the ignition of his own car. Olivetti took advantage of this opportunity, jumped into the Hudson, and started the car forward. Duckworth ran and jumped on the running board, before the defendant could close the door, and attempted to shut off the ignition. Defendant with his left hand grabbed Duckworth around the neck with a strangle hold. Duckworth broke this hold and turned off the ignition with his left hand— holding the quart bottle all the time in his right. The defendant again started his car. The officer worked his way

into the back of the car, and made several efforts to turn off the ignition again before being successful. During this time he received a number of blows from the hands of both the defendant and Loren Miller.

The case, though set for the 14th of March, 1928, was not called until the 16th. Just before the jury had been sworn, the defendant moved for a general continuance because of the absence of Harry Mencer, who had been duly subpoenaed to testify on his behalf. Both the defendant and his counsel took the stand in support of this motion. It developed that the defendant and Mencer were together in Clarksburg the night before the trial, and that Mencer had returned to Weston in the morning but had suddenly disappeared. Both had spent the night at the same hotel—the hotel at which it appears they had met just prior to the alleged trip to Glenville on the night of their arrest. At the instance of the court, a capias was issued, and defendant was given time to get in touch with the witness, but no effort was exerted on behalf of defendant to locate him. It was not shown just wherein Mencer would testify to facts not known to Miller, or that the witness could not have been reached had the defendant been anxious to have him there. No assurance was given that the witness Mencer might be secured at a trial at a later day of the term, or at a future term. Matters of continuance are within the sound discretion of the trial court, and if it does not appear that the defendant has been prejudiced thereby, its ruling thereon will be upheld. *State* v. *Jones,* 84 W. Va. 85; *State* v. *Bridgeman,* 88 W. Va. 231; *State* v. *Whitecotton,* 101 W. Va. 492. The evidence on the motion, as well as that on the trial, does not show that the defendant was injured by Mencer's absence.

An objection is made to the admission of the two bottles of liquor found in the car, on the ground that the officer was not warranted in making the arrest. Both the defendant and Miller testify that they were sober, and that none of the occupants of the car had been drinking that night. The defendant, though not licensed to operate a taxi, stated that he had agreed to take Mencer to Glenville that night for $14.00, and that he was on his way when arrested. Miller went along.

Section 14, Chapter 19, Code, provides that a member of the Department of Public Safety, "when a witness to the perpetration of any offense or crime, or to the violation of any law of this state, * * * may arrest without warrant." While we have held that an officer cannot arrest on mere suspicion (*State* v. *Koil*, 103 W. Va. 19), it is well settled that if, by the use of any of his senses, he is aware of the commission of a crime, he may investigate and arrest. *State* v. *Thomas*, 105 W. Va. 346. From the fumes of liquor the officer in the present instance was positive the occupants were drinking and that there was liquor in the car, and, under the circumstances, had a right to examine the package. The jury were instructed that if they believed that the officer got the odor of moonshine liquor from the car which the defendant was driving, and the defendant appeared to be intoxicated, and the officer discovered what he believed to be liquor in the defendant's car, that the officer had a right to arrest the defendant and search his car, and by their verdict they so found. The trial court, at the time of the introduction of the liquor, explained to the jury that they would only consider it in connection with the lawfulness of the arrest. Being one of the fruits of the crime, it was properly introduced to support the officer's contention that a crime was being committed in his presence.

The trial court properly permitted the State to introduce evidence of what was done by Loren Miller while aiding and assisting the defendant in resisting arrest and committing an assault and battery on the officer. The acts and declarations of an accomplice, not indicted and not on trial, committed in the presence of the defendant, are admissible as a part of the *res gestae.* "The actions of all fellow conspirators, whether or not alleged to be co-conspirators, in carrying out the purpose of a conspiracy, are admissible in a prosecution against any of the conspirators." *People* v. *Bond*, 129 Ill. 74. This rule then would apply here where Miller had been jointly indicted and a *nolle prosequi* had been entered by the prosecuting attorney as to him.

No objection was made to the giving of the instructions. While it is not clear that any of the severer blows were in-

flicted by the defendant, it is in evidence that he did strike the officer in the face several times, and that he was attempting to resist a lawful arrest. We think that the verdict was amply supported by the evidence.

*Affirmed.*