# CHARLESTON.

STATE *v.* THOMAS TATAR

(No. 6399)

Submitted March 11, 1930.    Decided March 25, 1930.

710

*Lazzelle & Glasscock,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Thomas .Tatar, was convicted of having in his possession a quantity of moonshine liquor in violation of section 37, chapter 32-A of the Code.

Acting under a warrant for the search of a certain building "occupied by" Tatar and another, seizure of all liquors, and arrest of "all parties and persons", found therein, four deputy sheriffs searched the premises, January 29, 1928, without discovering any contraband. Upon the same occasion they arrested and searched the defendant in the building, finding on his person, according to their testimony, a pint of moonshine liquor. He denied the possession.

The question for solution is whether the arrest of the defendant was authorized either under the warrant, or, without a warrant, upon the theory that he was discovered by the officers in the commission of a crime.

Section 9, chapter 32-A, authorizes (1) the issuance of a warrant for the arrest of any person accused of "manufacturing, selling, offering, or exposing, keeping or storing for sale or barter, contrary to law, any liquors"; and (2) the issuance of a warrant for the search of any "house, building or other place" in which it is charged that liquors are being "manufactured, sold, offered, kept or stored for sale or barter", contrary to law, arrest of the parties and seizure of

liquors found therein. Section 11 provides: "Whenever liquors shall be seized in any room, building, or place which has been searched under the provisions of this act, the finding of such liquors in such room * * * shall be *prima facie* evidence of the unlawful selling, and keeping, and storing for sale of the same by the person, or persons, occupying such premises." Section 6, Article III of the State Constitution and the Fourth Amendment of the Federal Constitution forbid the issuance of any warrant except upon probable cause, supported by oath or affirmation, particularly describing the place to be searched or the person or thing to be seized.

As already indicated, the warrant in question does not name any particular person to be arrested but merely directs the arrest of all parties and persons found in the building. In *State* v. *Massie,* 95 W. Va. 233, it was held that a warrant of this kind did not authorize the arrest of a person not named as an occupant of the premises, on the occasion of a fruitless search thereunder for contraband liquor, and that evidence so obtained could not be used against him. JUDGE MILLER, in rendering the opinion, said that the Court did not think the Legislature intended by providing for issuance of such warrant "to authorize the arrest of one not connected with the place to be searched or the article for which the search was made, *or perhaps the arrest of anyone when no evidence of the offense charged in the warrant is found*".

Whether the arrest of the defendant by virtue of the warrant violated his constitutional guaranty, need not be determined. Considering sections 9 and 11 of the prohibition act, hereinbefore referred to, as well as the language of the warrant itself, we are of opinion that the arrest of persons found in the premises was intended only as incident to the discovery of liquors by the search. If the arrest of the defendant had been contemplated without regard to the results of the search, the warrant would have specifically charged him with a crime and as specifically directed his arrest.

The arrest cannot be justified on the ground that the defendant had committed a crime in the presence of the officers. This theory is based on the testimony of one of the officers that he observed a fullness or bulge in one of defendant's

pockets immediately before his arrest. Such appearance without more was certainly not sufficient to create a reasonable belief in the mind of the observer that the defendant was concealing intoxicating liquors on his person. The evidence here is similar to that presented in *State* v. *Koil,* 103 W. Va. 19, where the officer arrested the defendant while carrying a sack which was found to contain three gallon cans of moonshine liquor. It was there held that the arrest was unauthorized, and that a crime is deemed to have been committed in the presence of an officer only when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, afford him probable cause to believe or reasonable grounds to suspect that such is the case.

The evidence upon which the conviction was predicated having been obtained by an unlawful arrest, the judgment will be reversed, the verdict of the jury set aside and a new trial awarded the defendant.

*Reversed; verdict set aside; new trial awarded.*