# CHARLESTON.

FRANK NOCE *v.* C. C. RITCHIE *et als.*

(No. 6558)

Submitted September 16, 1930. Decided September 23, 1930.

*Bailey & Shannon,* for plaintiff.
*E. W. Worrell* and *Hartley Sanders,* for defendant in error.

WOODS, JUDGE:

The gist of this action of trespass on the case—false imprisonment—is that plaintiff was placed under arrest and detained by W. A. Rinehart, constable, until the latter could secure a warrant. At the completion of plaintiff's evidence, the same was stricken on motion of the several defendants, including Rinehart, and a verdict directed in their favor. Plaintiff brings error.

"False imprisonment is the unlawful arrest or detention of a person, without warrant, or by an illegal warrant, or a warrant illegally executed, and either in a prison or a place used temporarily for that purpose, or by force and constraint without confinement." 8 Ency. Pl. & Prac. 841.

It appears from the evidence adduced that Rinehart, acting under a search warrant (section 9, chapter 32-A, Code) searched the house of one H. B. Hackett for intoxicating liquors. The return recites: "Executed the within warrant on the 5th day of March, 1928, by searching the house of H. B. Hackett and no liquor found, and arrested Sadie Hackett and Frank Noce who I now have before the justice for adultery." The justice, on being informed of the particulars, filled out a complaint. charging adultery and fornication, and the same was signed by Rinehart.

The return on the search and seizure warrant shows that the constable was not warranted in making an arrest thereunder. *State* v. *Massie*, 95 W. Va. 233. So, in order to warrant the arrest the act of adultery must have been committed in his presence. *Allen* v. *Lopinsky*, 81 W. Va. 13; *State* v. *Gum*, 68 W. Va. 105; Code, chapter 50, section 221. A crime is committed in the presence of an officer, when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case. *State* v. *Koil*, 103 W. Va. 19; *State* v. *Lutz*, 85 W. Va. 330. The evidence on this point is that Noce had gone to the home of Hackett, in the latter's absence, at the request of the wife to discuss certain matters in relation to a suit which Noce's father had instituted

against the Hacketts for rent; that Noce was in the act of picking up his cap to leave when the officers knocked at the door; that both parties were fully dressed; that Noce left by the other door because his car was in the road on that side of the house. Denial of any acts of adultery were made on the part of both parties. ''Whoever assaults or imprisons another * * * must justify himself by showing specially to' the court that the act was lawful.'' 1 Chitty's Pleading (16 Am. Ed.) 545. The evidence here does not show any acts being committed in the constable's presence that would warrant the arrest. ''False arrest or false imprisonment gives an absolute right to recover at least nominal damages, and neither probable cause to believe the injured party guilty of an offense nor lack of malice on the part of the defendant will legally justify the wrongful act or defeat the right of action.'' *George* v. *Railway Co.*, 78 W. Va. 345.

The evidence in this case, not being controverted, clearly entitled plaintiff under the foregoing principles of law to a verdict for nominal damages against the constable—nothing having been introduced to show that any offense had been committed in the latter's presence. No evidence having been introduced which in any way tended to implicate the justice of the peace, his sureties, or the sureties on the constable's bond, who seemingly were joined as joint tort feasors, the judgment as to them was proper.

The judgment of the circuit court is therefore reversed in so far as Rinehart, constable, is concerned and a new trial awarded as to him. As to the other defendants the judgment is affirmed.

*Affirmed in part; reversed in part.*