C. L. BOOTEN, *Sheriff, etc. v.* O. T. NAPIER *et al.*

(No. 8922)

Submitted September 26, 1939. Decided October 31, 1939.

*Duncan W. Daugherty* and *J. B. Heilmann,* for plaintiff in error.

*Jess Hammock, E. A. Marshall* and *Fitzpatrick, Brown & Davis,* for defendants in error.

FOX, PRESIDENT:

This is an action in debt, instituted by C. L. Booten, Sheriff of Wayne County, who sues for the use and bene-

fit of Forest Cunningham, an infant, against O. T. Napier and the National Surety Corporation, a corporation. The action is based on a bond executed by the defendants to C. L. Booten, sheriff, covering the position of Napier as deputy sheriff. The penalty of the bond is $3500.00, and the condition thereof is that the principal "shall well and truly perform all the duties of his said office or position and shall pay over and account for all funds coming into his hands by virtue of his said office or position as required by law * * *." It is admitted that Napier was not a tax collecting deputy within the provisions of Code, 61-7-5, which permits tax collecting deputy sheriffs and other named officials to carry certain weapons and reads into their official bond liability for the unlawful or careless use thereof.

The specific breach of the bond is alleged as follows:

"* * * said O. T. Napier then and there acting in his official capacity, and by virtue of his said office of Deputy Sheriff of Wayne County, West Virginia, to-wit, at Camden Park, in said County, did illegally, unlawfully and without warrant, or without cause therefor, arrest the said Forest Cunningham, on an alleged misdemeanor, and the said O. T. Napier did unlawfully, wilfully, illegally and without just cause therefor, start to search the said Forest Cunningham while having him in his custody, control and under arrest, and the said Forest Cunningham started to run and the said O. T. Napier unlawfully, wilfully, negligently, illegally and without just cause therefor, shot the said Forest Cunningham in his right leg, * * *"

followed by allegations as to the character and extent of the injury sustained by Cunningham. To this declaration, the defendants filed their joint special plea, the pertinent part of which reads:

"That the condition of the bond given by the defendant, O. T. Napier, as described in said declaration, does not expressly cover any liabilities arising from the unlawful or negligent use

of a pistol, and that the said O. T. Napier not being a tax collecting deputy at the time of the execution of said bond, nor at any time before or since, the provisions of Chapter 61, Article 7, Section 5 of the Official Code of West Virginia, reading into bonds given by tax collecting Deputies' liability for the unlawful and negligent use of a pistol, does not apply."

The demurrer of the plaintiff to this plea was overruled, the plea sustained, and plaintiff's action dismissed. Exceptions were duly taken to the action of the court, to which this writ of error is prosecuted.

It is obvious that the alleged unlawful conduct of the deputy sheriff involves the use of a pistol, and it is contended that inasmuch as Napier was not a tax collecting deputy, a suit cannot be maintained on the bond, because it does not expressly cover the careless or unlawful use of a pistol, and Napier is without the scope of Code, 61-7-5. With this contention we cannot agree. The fact that Napier was not a tax collecting deputy sheriff, and not entitled to carry a pistol by virtue of Code, 61-7-5, does not, in our opinion, lessen his liability under the bond for the failure to well and truly perform all the duties of his said office. The performance of the duties of his said office involve acts of commission as well as omission, and if Napier was not entitled to carry a pistol, the fact that he did carry such pistol and unlawfully used the same was a breach of his bond to the same extent as if he had, under color of or by virtue of office, otherwise abused and mistreated Cunningham. We hold, therefore, that the defendant Napier and the surety on his bond may be liable thereon, if it be established that Napier was acting by virtue of or under color of his office.

We have held that "sureties on a public official's bond conditioned for the faithful performance of his duties are liable for the unlawful conduct of the official done under color of or by virtue of his office." *Barboursville* v. *Taylor,* 115 W. Va. 4, 174 S. E. 485, 92 A. L. R. 1093; *State* v. *Fidelity & Casualty Company,* 120 W. Va. 593, 199 S.

E. 884. Therefore, the decisive question in this case is whether or not the defendant Napier was, at the time of the alleged unlawful conduct on his part, so acting. It will be noted that the declaration alleges that the arrest of Cunningham was made without warrant, or without cause therefor, and that the arrest was made for an alleged misdemeanor, but it does not charge that the offense was committed in the presence of the officer. An officer may only arrest for a misdemeanor where he has a warrant in his possession or the offense is committed in his presence. Code, 50-18-2; *Noce* v. *Ritchie,* 109 W. Va 391, 155 S. E. 127. It is apparent, therefore, that the arrest of Cunningham by Napier was illegal, and not having a right to make the arrest for this reason, if for no other, his subsequent conduct in shooting Cunningham in order to prevent his escape was unwarranted and unlawful.

There is much conflict of authority on whether or not Napier was acting by color of office. It is clear that he was not acting under a writ which, by virtue of his office, he could execute. He was performing an act within the general scope of the duties of the position he occupied. Sheriffs, deputy sheriffs and constables are peace officers and, under proper circumstances, authorized to make arrests; and Napier was assuming to exercise powers and duties within the scope of his official position. This question was first considered in *Lucas* v. *Locke,* 11 W. Va. 81, in which Judge Johnson said:

> "To hold a deputy and his sureties liable to the sheriff on his bond, it is not necessary that the deputy is acting under color of some writ, but if he is acting under color of his office, and professing so to act and inducing others interested to believe he is acting *colore officii,* he and his sureties will be bound for such acts. No other rule would be safe. Sureties are not needed on sheriffs bonds, if he is only to be held when he acts legally. They vouch for his acts, and bind themselves to make good any damages he may cause to any one while acting under color of his office."

The rule announced in that case was departed from in *State* v. *Mankin,* 68 W. Va. 772, 70 S. E. 764, in which it was held:

"To make the sureties in his official bond liable for personal injury or wrongful death, inflicted by him in making an arrest, a constable must act under a warrant or other writ calling into execution his official powers in the particular case, or he must act under a claim that an offense has been committed in his presence, based upon conduct giving color to such claim, or calling for judgment and opinion as to whether an offense has been so committed. That he is an officer and professes to act in his official capacity are not sufficient to impose liability upon the sureties."

*Lucas* v. *Locke, supra,* is not expressly overruled, but it is clear that a different rule was adopted. In the *Mankin* case, it is expressly stated that the officer, to be held liable on his bond, must act under a warrant or other writ, or under a claim that the offense has been committed in his presence. The fact that he is an officer and professes to act in his official capacity is held not to be sufficient.

We are therefore met with two cases, decided by this court, expressing distinctly opposite views. The *Mankin* case is supported by authority from other jurisdictions. "For example if a public officer having no process in his hands does an act which he has no right to do, he is not considered as acting officially and therefore the sureties on his official bond are not answerable for his conduct." 22 R. C. L., p. 506, section 190. See also, *People ex rel. Purdy* v. *Pacific Surety Company,* 50 Col. 273, 109 Pac. 961; Ann. Cas. 1912 C, 577; *Marquis* v. *Willard,* 12 Wash. 528, 41 Pac. 889, 50 Am. St. Rep. 906. *State* v. *Timmons,* 90 Md. 10, 44 A. 1003, 78 Am. St. Rep. 417, extends this doctrine still further and holds that "there can be no recovery against the sureties on the official bond of a constable for the latter's illegal acts done under a void distress warrant, for he is a mere trespasser." This case takes an extreme position and does not represent the weight of authority on the question.

Notwithstanding the *Mankin* case and the authorities cited in support of its holding, we are of the opinion that when an officer, such as a sheriff, deputy sheriff or constable, authorized by law to make arrests, assumes to make an arrest without warrant for a misdemeanor not committed in his presence, he is nevertheless acting under color of his office. To hold that an individual may be clothed with all authority pertaining to his particular office, including, under proper circumstances, the right to make arrests, and that his acts under such authority are not performed under color of office, unless he holds a writ authorizing a particular act, or in case of a misdemeanor, that the offense was committed in his presence, seems to us to unduly limit the liability of public officials in the exercise of their apparent authority. It is true, of course, that the surety on an official bond is not liable for the private conduct of the official, clearly outside the scope of his office, but in the case under consideration, Napier was assuming to act as a deputy sheriff, and within the general scope of his official duties, and in arresting Cunningham without a warrant and for a misdemeanor not committed in his presence, he subjected himself to liability for damages for the consequences of his act. We hold that any official who assumes to act as such, and who acts within the general scope of the powers and duties of his position, acts under color of office, even though his act is one beyond his actual legal authority, and that he and the surety on his bond are liable therefor. To hold otherwise would be to clothe men with the authority of the state, and permit them, under such authority, to invade the rights of citizens, and then defend, so far as their official bond is involved, on the ground that they overstepped and abused the authority intrusted to them by the state. The bond in the case at bar stipulates that the principal therein would "well and truly perform the duties of his said office" and, in our opinion, it was breached, when, under the assumed power and authority of his office, he committed an unlawful act to the injury

of the plaintiff. In so far as these views are in conflict with *State* v. *Mankin, supra,* the same is overruled.

The demurrer of the plaintiff to the special plea of the defendants should have been sustained, and it follows that the judgment of the Circuit Court of Wayne County in dismissing plaintiff's action is reversed and the case will be remanded to said court for further action not in conflict with this opinion.

*Reversed and remanded.*