STATE OF WEST VIRGINIA *Ex Rel.* ERCIL COPLEY

V.

ALFRED J. CAREY, *Sheriff, Et Al.*

(CC 824)

Submitted January 17, 1956. Decided February 28, 1956.

*H. D. Rollins, Wm. H. Hazlett,* for plaintiff.

*Charles W. Yeager, Edward W. Eardley, Steptoe & Johnson,* for defendant.

HAYMOND, JUDGE:

In this action of covenant instituted in the Court of Common Pleas of Kanawha County the plaintiff, State

of West Virginia, which sues at the relation of Ercil Copley and for his use and benefit, seeks to recover damages in the amount of $3,500.00 from the defendants, Alfred J. Carey, Sheriff of Kanawha County, Walter L. Larwood, a deputy of the sheriff, and United States Fidelity and Guaranty Company, a corporation.

The claim of the plaintiff is based upon the alleged breach by the defendants of the conditions of a sealed instrument, designated as a public employee's faithful performance blanket position bond, signed by the United States Fidelity and Guaranty Company as surety and by which, in consideration of a premium, it agreed to indemnify the State of West Virginia as obligee, for the use and benefit of the Sheriff of Kanawha County, as insured, against any loss caused to the insured, in the amount of $5,000.00, by each of certain specified employees by the failure of any such employee faithfully to perform his duties or properly to account for money and property received by him by virtue of his position or employment during the term of the instrument.

Separate demurrers of each of the defendants to the original declaration were sustained by the court of common pleas and an amended declaration was filed by the plaintiff. Separate demurrers of each of the defendants to the amended declaration were also sustained by the court of common pleas and it certified its rulings upon the demurrers to the Circuit Court of Kanawha County.

In the amended declaration the plaintiff alleges the election and the qualification of the defendant Carey as sheriff of Kanawha County for a term of four years from January 1, 1953, his service as sheriff from January 1, 1953 until the institution of this action, the appointment of the defendant Larwood by the sheriff as his deputy and the service of the defendant Larwood as such deputy from January 1, 1953, until September 15, 1953, when he resigned.

The plaintiff in the amended declaration also alleges

that the defendant Carey, as sheriff, furnished two official bonds with approved sureties one of which, dated December 24, 1952, effective from and after January 1, 1953, until cancelled or terminated in any other manner, is the instrument on which the plaintiff sues, is completely set forth and incorporated in the amended declaration, is signed by the defendant United States Fidelity and Guaranty Company as surety and is still in force and effect; and the other of which, dated December 5, 1952, is signed by the defendant Carey as principal and The Fidelity and Casualty Company of New York as surety, and is payable to the State of West Virginia, as obligee, in the penalty of $200,000.00, the condition of which recites that Carey has been elected to the office of sheriff and treasurer of Kanawha County for the term beginning January 1, 1953 and ending December 31, 1956, and provides that if he shall faithfully and truly perform and discharge all the duties of his office and shall pay and account for all funds coming into his possession by virtue of such office, as required by law, the obligation on such bond should be void but otherwise it should remain in full force and virtue. The plaintiff in the amended declaration, however, does not seek a recovery on the bond dated December 5, 1952, and does not undertake to proceed against The Fidelity and Casualty Company of New York as surety on that bond as a party to this action.

The plaintiff in the amended declaration alleges and assigns, as the breach of the conditions of the bond sued on, that the defendant Larwood as the deputy of the defendant Carey did not faithfully discharge the duties assigned to him; that in March 1953 the defendant Larwood acting for and in behalf of the defendant Carey, under color of the authority of his appointment as such deputy, and while armed with a deadly weapon did unlawfully, recklessly, intentionally, maliciously and without reasonable cause in Kanawha County, West Virginia, falsely arrest the relator Ercil Copley for "drunken driving" and "resisting an officer" or "resisting arrest";

that the defendant Larwood falsely imprisoned the relator on the foregoing charges in the county jail of Kanawha County; that such false imprisonment continued for a period of nearly·three days, during which the relator was treated as a common criminal and was confined in the company of criminals under restraint in the county jail; that when the relator obtained his release from the county jail upon an appearance bond before a justice of the peace of Kanawha County the relator learned that the defendant Larwood had obtained warrants before the justice which falsely charged the relator with violation of Section 17, Article 5, Chapter 61, and Section 2, Article 5, Chapter 17C, of the Code of West Virginia; that the defendant Larwood falsely and without reasonable cause obtained another warrant charging the relator with "hazardous driving"; that the foregoing charges were afterwards removed to another justice at Charleston, Kanawha County, and were brought to trial before such justice and a jury; that upon such trial the defendant Larwood falsely testified that the relator was guilty of the charges; that upon the trial the relator was found not guilty of all such charges; that thereafter, despite the verdict of the jury, the defendant Larwood attempted to secure an indictment by the grand jury of Kanawha County at the June 1953 Term of the Intermediate Court of that county charging the relator with violation of Section 17, Article 5, Chapter 61, of the Code of West Virginia; that the defendant Larwood appeared before the grand jury and maliciously and without reasonable cause gave false testimony in support of such charge; and that the grand jury refused to indict the relator for the offense of which he was accused by the defendant Larwood.

By order entered June 16, 1955, the circuit court sustained the demurrer of the defendant Larwood to the amended declaration and sustained in part and overruled in part the separate demurrers of the defendants Carey and United States Fidelity and Guaranty Company to the amended declaration and on its own motion cer-

tified its rulings upon the demurrers to this Court which docketed the certificate of the circuit court on September 12, 1955.

In sustaining the demurrer of the defendant Larwood and in sustaining in part the demurrers of the defendants Carey and United States Fidelity and Guaranty Company to the amended declaration the circuit court held that as neither the defendant Larwood nor the defendant Carey had signed the instrument sued on the plaintiff could not maintain an action of covenant against them jointly on that instrument and that as the defendant Larwood was not alleged to be the principal on such instrument he could not be sued upon it jointly with the defendant United States Fidelity and Guaranty Company as surety.

In overruling in part the demurrers of the defendants Carey and United States Fidelity and Guaranty Company, however, the circuit court held that the defendant Carey, though he did not sign the instrument, was a party to it; that the defendant Carey was liable for the acts of malfeasance of his deputy alleged in the amended declaration; that the allegations of the amended declaration sufficiently charged a breach by the defendant Carey of the conditions of the instrument; that the language of the instrument extended to and covered the defendant Larwood; that the plaintiff could maintain this action against the defendant Carey on the instrument before the establishment by the plaintiff of its claim against the defendant Larwood; and that the plaintiff could maintain this action against the defendant United States Fidelity and Guaranty Company, as surety upon the instrument.

To sustain the action of the court in overruling in part the demurrers of the defendants Carey and United States Fidelity and Guaranty Company the plaintiff contends that the instrument sued on is an official bond of the defendant Carey as sheriff; that, although he did not sign the instrument, he and the defendant United States Fidelity and Guaranty Company by virtue of the ap-

plicable statutes of this State are liable as principal and surety for the wrongful acts of the defendant Larwood as his deputy; and that the plaintiff may maintain this action against the defendants Carey and United States Fidelity and Guaranty Company before liability against Carey and his deputy has been fixed or established.

The defendants Carey, Larwood and United States Fidelity and Guaranty Company insist that this action can not be maintained against the defendants Carey and Larwood on the sealed instrument because neither of them executed it; that the instrument sued on is not an official bond of the defendant Carey; that if the instrument sued on is the official bond of the defendant Carey neither he nor the defendant United States Fidelity and Guaranty Company as surety is liable for the alleged acts of malfeasance of the defendant Larwood as his deputy; and that the plaintiff can not maintain this action against the defendant United States Fidelity and Guaranty Company as surety until liability has been fixed or established against the defendants Carey and Larwood.

The questions of law presented by the certificate are:

(1) Whether the plaintiff may maintain an action of covenant against all the defendants jointly upon a sealed instrument which is signed only by the defendant United States Fidelity and Guaranty Company;

(2) Whether the plaintiff, in an action of covenant, may establish liability against the sheriff, the surety on the official bond of the sheriff, and the deputy of the sheriff as defendants when the allegations of the amended declaration of the plaintiff charge the deputy with the commission of acts of malfeasance; and

(3) Whether the plaintiff may maintain an action of covenant against a surety as defendant upon a sealed instrument, signed only by such surety, which by its terms indemnifies the sheriff against loss caused to him by his deputy before such loss has been sustained by the sheriff and his deputy or either of them.

The general rule is that an action of covenant may be maintained only on a written instrument which has been properly signed and sealed by the defendant, or by his authority, as a party to such instrument, and which is recognized in law as a sealed instrument. 21 C. J. S., Covenant, Action of, Section 7; 1 Am. Jur., Actions, Section 53; Burks Pleading and Practice, Fourth Edition, Section 82. Persons named as grantors in a deed which is not signed and sealed by them are not bound by such instrument and an action of covenant may not be sustained against them. See *Adams* v. *Medsker*, 25 W. Va. 127. In *Taylor* v. *Forbes' Adm'x*, 101 Va. 658, 44 S. E. 888, the Court, citing Robinson, New Practice, Volume 3, Page 362, quotes with approval this statement: "Covenant, then, will lie only where the instrument is actually signed and sealed by the party, or by his authority." See also *Johnson* v. *Muzzy*, 45 Vt. 419, 12 Am. Rep. 214. An exception to the above stated general rule, which is supported by the decisions of some courts, is that an action of covenant will lie against the grantee or the lessee in a deed poll on the ground that the acceptance of such deed is equivalent to its actual execution by the grantee or the lessee. 1 Am. Jur., Actions, Section 53; *Midland Railway Company* v. *Fisher*, 125 Ind. 19, 25 N. E. 756, 8 L. R. A. 604, 21 Am. St. Rep. 189; *Finley* v. *Simpson*, 22 N. J. L. 311, 53 Am. Dec. 252. The instrument on which this action is based is, however, not within the foregoing exception to the general rule. As the defendants Carey and Larwood are not parties to the written instrument dated December 24, 1952, on which the plaintiff seeks to recover in this action and as they did not sign that instrument, this action upon it may not be maintained by the plaintiff against either of them; and the holding of the circuit court to that effect was correct.

The contention of the plaintiff that the instrument upon which this action is based is an official bond of the defendant Carey as sheriff of Kanawha County, is devoid of merit. The allegations of the amended declara-

tion show that the bond dated December 5, 1952, signed by the defendant Carey as principal and The Fidelity and Casualty Company of New York as surety, payable to the State of West Virginia, as obligee, in the penalty of $200,000.00, is the official bond of the defendant Carey and that the written instrument dated December 24, 1952, on which this action is based, instead of an official bond of the defendant Carey, is a sealed contract of indemnity, executed by the defendant United States Fidelity and Guaranty Company for the use and benefit of the defendant Carey, as sheriff, against any loss which he may sustain by reason of the failure of certain designated employees to perform their duties or to account for money and property received by them by virtue of their position or employment. Though the amended declaration states that this instrument was approved by the County Court of Kanawha County it does not allege that the premium for it was paid from public funds of the county.

If the instrument sued on, however, should be considered as an official bond of the defendant Carey, as sheriff, the plaintiff could not maintain this action against the defendant Carey or the defendant United States Fidelity and Guaranty Company, as his surety, on that instrument, for the reason that the acts and the conduct of the defendant Larwood, as the deputy of the defendant Carey, were acts of malfeasance and did not constitute misfeasance upon the part of the defendant Larwood. Section 1, Article 3, Chapter 6, Code, 1931, as amended, provides in paragraph (a) (4) that any default or misfeasance in office of the deputy of a sheriff shall constitute a breach of the conditions of the official bond of the sheriff. The statute makes no provision as to acts of malfeasance of a deputy of a sheriff. In *State ex rel. Sonner, Admr.* v. *Dean*, 98 W. Va. 88, 126 S. E. 411, this Court held that an unauthorized attempted arrest of a person by a deputy of a sheriff, complained of in the declaration in that case, was not an act of misfeasance which constituted a breach of the conditions of the offi-

cial bond of the sheriff but was an act of malfeasance for which an action can not be maintained by virtue of the statute on the official bond of the sheriff.

The plaintiff asserts that the holding of *State ex rel. Sonner, Admr.* v. *Dean,* 98 W. Va. 88, 126 S. E. 411, that an action can not be maintained against a sheriff and his surety on his official bond to recover damages for an act of malfeasance committed by a deputy of the sheriff, has been modified or broadened by the later cases of *Booten* v. *Napier,* 121 W. Va. 548, 5 S. E. 2d 441, and *The City of Mullens* v. *Davidson,* 133 W. Va. 557, 57 S. E. 2d 1, 13 A. L. R. 2d 887. There is no merit in this contention. Though in each of the cases just cited the acts complained of and for which a recovery was sought were acts of malfeasance committed by a police officer under color of his office the action against such officer, as principal, and his surety was based upon a bond signed by him and his surety, and in neither case was the question of the liability of the sheriff and his surety on his official bond for acts of malfeasance of his deputy considered or involved. In consequence the cases of *Booten* v. *Napier,* 121 W. Va. 548, 5 S. E. 2d 441, and *The City of Mullens* v. *Davidson,* 133 W. Va. 557, 57 S. E. 2d 1, 13 A. L. R. 2d 887, cited and relied on by the plaintiff, are clearly distinguishable from the case at bar.

It appears from the amended declaration, which incorporates in full the official bond of the defendant Carey, as sheriff, signed by him as principal and by The Fidelity and Casualty Company of New York as his surety, that the sealed instrument upon which this action is based is not an official bond of the defendant Carey, as sheriff, or a contract of suretyship, but is a contract of idemnity which expressly indemnifies the plaintiff for the use and benefit of the defendant Carey, as sheriff, against loss sustained by him caused by the failure of certain specified employees, including the defendant Larwood, to perform their duties or to account for money and property received by them by virtue of their position or employment; and that the indemnity provided by that con-

tract is for the sole and exclusive benefit of the defendant Carey, as sheriff.

There is a vital distinction between a contract of suretyship and a contract of indemnity. In a contract of suretyship the obligation of the principal and his surety is original, primary and direct and the surety is liable for the debt, default or miscarriage of his principal. A contract of indemnity is likewise an original undertaking and creates a primary obligation, but the promise of the indemnitor, in a contract of indemnity against loss sustained by the person indemnified, is not to answer for the debt, default or miscarriage of another person but is to make good the loss which results to the person indemnified from such debt, default, or miscarriage. *Howell* v. *Commissioner of Internal Revenue*, 8th Circuit, 69 F. 2d 447. See *Peterson* v. *Miller Rubber Company of New York*, 8th Circuit, 24 F. 2d 59; 42 C. J. S., Indemnity, Section 3.

Though the subject matters of contracts of indemnity are of great variety, a contract of indemnity, with regard to the nature of the responsibility assumed by an indemnitor, is generally either a contract of indemnity against liability or a contract of indemnity against mere loss or damage. Whether a contract of indemnity is of one kind or the other depends upon the meaning and the effect of the covenants it contains. If the instrument contains a mere covenant to indemnify, without more, it is a contract of indemnity against loss or damage only; but if the instrument requires the indemnitor to do a specific act or to pay a sum of money and the performance of the act or the payment of money will prevent harm or injury to the person indemnified it is a contract of indemnity against liability. 42 C. J. S., Indemnity, Section 2; 27 Am. Jur., Indemnity, Section 20. To recover upon a contract of simple indemnity, actual loss or damage must be shown. 27 Am. Jur., Indemnity, Section 21. When, however, the contract of indemnity is against liability as distinguished from a contract of indemnity against loss or damage, an action may be

maintained and a recovery may be had as soon as the liability has been imposed. 27 Am. Jur., Indemnity, Section 22. Point 1 of the syllabus in *Stuart* v. *Carter*, 79 W. Va. 92, 90 S. E. 537, L. R. A. 1918D, 1070, is in these words: "Whether a contract of indemnity is one of indemnity against liability, as contradistinguished from indemnity against mere loss or damage, depends upon the true intent and meaning of the covenant. If it simply indemnifies and nothing more, the indemnity is against loss or damage only. If it binds the indemnitor to do a certain act or to pay certain sums of money and performance of such act or payment of such sum will prevent harm or injury to, or liability upon, the indemnitee, the contract is one of indemnity against liability." A contract which contains a mere covenant to indemnify is a contract of indemnity against loss or damage only and before there can be a recovery on such contract actual loss or damage must be sustained by the person indemnified against such loss or damage.

The sealed instrument upon which this action of covenant is based is a contract which expressly indemnifies the plaintiff for the use and benefit of the defendant Carey, as sheriff, against loss resulting from a specified cause. It does not indemnify the plaintiff for the use and benefit of the relator, Ercil Copley, against any loss or damage sustained by him. As the allegations of the amended declaration show that the contract does not indemnify the plaintiff against any loss or damage sustained by it for the use and benefit of the relator and that the plaintiff has no right of action, for the use and benefit of the relator, upon the contract of indemnity which is for the sole benefit of the defendant Carey, as sheriff, the amended declaration does not sufficiently state a cause of action in favor of the plaintiff against any of the defendants upon the sealed instrument executed by the defendant United States Fidelity and Guaranty Company.

The rulings of the circuit court in sustaining the sep-

arate demurrer of the defendant Larwood and in sustaining in part the separate demurrers of the defendants Carey and United States Fidelity and Guaranty Company to the amended declaration are affirmed; its rulings in overruling in part the separate demurrers of those defendants to the amended declaration are reversed; and each of the questions certified is answered in the negative.

*Rulings affirmed in part and reversed in part.*