807 P.2d 223

BERGERSON PLUMBING & HEATING, INC., Plaintiff,

v.

Henry S. POOLE and Mary D. Poole, Defendants–Appellants,

v.

MICHAEL CARROLL CONSTRUCTION COMPANY, Defendant–Appellee.

No. 18384.

Supreme Court of New Mexico.

March 6, 1991.

No appearance for plaintiffs.

David Graham, Taos, for defendants-appellants.

John C. Flexner, Taos, for defendant-appellee.

## OPINION

RANSOM, Justice.

Henry S. Poole and Mary D. Poole appeal from an order of summary judgment dismissing their claim for indemnification against Michael Carroll Construction Company. Finding genuine issues of material fact regarding the indemnification owed by Carroll, we reverse.

The Pooles contracted with Michael Carroll, doing business as Michael Carroll Construction Company, to construct townhouses on property owned by the Pooles in Taos County. The work done by Carroll as general contractor was characterized by the Pooles as "excellent." However, two shower/tub units installed by Bergerson Plumbing and Heating, Inc., a subcontractor, were cracked during installation, giving rise to a demand by the Pooles upon both Bergerson and Carroll to replace the units as nonconforming and unacceptable. The Pooles' contract with Carroll provided for "owner to cut checks to contractor and sub. or supplier with lien releases." The Pooles withheld final payment of $5,200 to Bergerson, and Carroll likewise was not paid for Bergerson's work.

Bergerson filed a mechanic's and materialman's lien against the property and brought this action against the Pooles to foreclose his statutory lien. Bergerson included Carroll as a defendant in the suit, and the Pooles asserted a cross-claim against Carroll, seeking indemnification for any money or costs awarded to Bergerson. Pursuant to the Pooles' contract with Carroll, the latter was required to indemnify the Pooles for any nonconforming work performed by a subcontractor.

Bergerson accepted an offer of judgment made by the Pooles in the sum of $5,200, plus interest, costs, and attorney fees. At the close of a subsequent hearing on interest and attorney fees to be included in the award to Bergerson, counsel for Carroll

made an oral motion to dismiss the Pooles' cross-claim, which was treated by the court as a motion for summary judgment. It is from the grant of that motion that the Pooles appeal.

■ The Pooles first argue that they were denied due process in that they were not accorded notice and a reasonable opportunity to be heard on the motion for summary judgment. *See National Excess Ins. Co. v. Bingham,* 106 N.M. 325, 742 P.2d 537 (Ct.App.1987). "Where the court relies upon oral argument as the means for responding to the motion for summary judgment, due process requirements compel that each party be permitted a reasonable opportunity to be heard." *Id.* at 327–28, 742 P.2d at 539–40. We note, however, at the hearing in question the court addressed counsel for Carroll stating, "[P]art of the reason that I am reluctant to go ahead, I know that [Pooles' counsel] has responded to this oral motion, but I am not sure that was scheduled to be heard today." Counsel for both Carroll and the Pooles then proceeded to argue the merits of the summary judgment motion, following which the court specifically pointed out that counsel for the Pooles had raised no issue "as to notice on the motion, and the fact it shouldn't be heard today; and whatever was said, that was not done. I'll grant the oral motion and dismiss the cross-claim." We believe that by their silence the Pooles waived any objection to inadequate notice and lack of a reasonable opportunity to respond.

■ The real issue on this appeal is whether the offer of judgment by the Pooles in the full amount of the Bergerson claim precluded the existence of a genuine issue of material fact that work performed by Bergerson was nonconforming and, therefore, was subject to indemnification by Carroll under his contract with the Pooles. The gist of Carroll's argument is that an offer of judgment in the full amount of the contract makes it "preposterous to argue that Bergerson's work was not done in a workmanlike manner." We cannot agree.

As pointed out by the Pooles, by paying the offer of judgment the lien claim and lis pendens filed by Bergerson against the property have been dismissed. The title to the real estate was cleared for transfer and an award of further attorney fees to Bergerson pursuant to the mechanics' and materialmen's lien statute was avoided. Aside from the question of whether the compromise of the lien claim should affect the contractual rights and obligations of the Pooles and Carroll, we think the fact that the Pooles may have paid the full amount sought under the claim hardly compels the factual conclusion that Bergerson's work was perfectly acceptable. The Pooles had a variety of motives to settle the claim in full.

■ Although this Court appears not to have enunciated previously the general rule of law, we now hold that an indemnitee may settle a disputed third-party claim without relinquishing rights to recover from the indemnitor pursuant to an indemnification agreement covering the matter that was the subject of the claim. *Accord Plumbers Specialty Supply Co. v. Enterprise Prod. Co.,* 96 N.M. 517, 632 P.2d 752 (Ct.App.1981). Nonetheless, the indemnitee's right to recover necessarily turns upon the language of the indemnitor's undertaking. *Id.* at 522–23, 632 P.2d 757–58; *see also Tankrederiet Gefion A/S v. Hyman–Michaels Co.,* 406 F.2d 1039, 1043 (6th Cir.1969). While the indemnitor is liable only for what the indemnitee shows by a preponderance of the evidence to have been a loss or other condition contemplated by the undertaking, and that condition is often liability and/or costs and fees of defense, *e.g., Plumbers Specialty Supply; Tankrederiet,* the condition contemplated by the undertaking may be loss of any kind. *See, e.g., Alzado v. Blinder, Robinson & Co.,* 752 P.2d 544 (Colo.1988) (oral agreement to indemnify Lyle Alzado from financial losses incurred as a result of exhibition boxing match with Muhammed Ali); *State v. Carey,* 141 W.Va. 540, 91 S.E.2d 461 (1956) (contract to indemnify against losses caused by failure of sheriff's deputies to perform their duties).

When the purpose of the agreement is to indemnify against loss or harm, damage as contemplated must be sustained and proved. *See Carey,* 141 W.Va. at 549–50, 91 S.E.2d at 467. Here, the subject of indemnification was nonconforming work. At issue, to be shown by the Pooles, is the nonconformity of work and the damage resulting from any nonconformity measured against the Pooles' reasonable expectations under the construction contract.

The Pooles were entitled to a trial on the merits. A trial court should not summarily cut to a dispositive issue without trial on the merits, even when the trial court believes the ultimate disposition is foreseeable. *Johnson v. J.S. & H. Constr. Co.,* 81 N.M. 42, 44, 462 P.2d 627, 629 (1969). The summary judgment is reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, C.J., and MONTGOMERY, J., concur.