**ALLEN v. BIGGS, Circuit Judge, et al.**

No. 4208.

District Court, E. D. Pennsylvania.
April 5, 1945.

James R. Allen, of Wilmington, Del., in pro. per.

Gerald A. Gleeson, U. S. Dist. Atty., and James P. McCormick, Asst. U. S. Dist. Atty., both of Philadelphia, Pa., for defendants.

GANEY, District Judge.

This is a motion to dismiss filed on behalf of all the defendants, based on the contention that the plaintiff's complaint does not state a cause of action.

The plaintiff here seeks to recover damages from all of the defendants in the sum of Twenty-Five Million Dollars ($25,000,-000) for conspiring, as the complaint avers, to deprive the plaintiff of his liberty, because of his having exercised his right of freedom of the press, in defense of the provisions of the Thirteenth Amendment prohibiting involuntary servitude, and to hinder, impede and obstruct his appeal from the Circuit Court of Appeals for the Third Circuit to the Supreme Court of the United States.

In support of his charge of conspiracy, plaintiff alleges that on October 4, 1942, in the United States District Court for the Eastern District of Delaware, he was convicted of "counselling evasion of service in the armed forces by distribution of circulars"; that on October 14, 1942, as a result of such conviction he was sentenced to undergo imprisonment for the term of one year and one day; that he appealed the judgment of sentence to the United States Circuit Court for the Third Circuit, and that on March 22, 1943, said Circuit Court, then composed of John Biggs, Jr., Albert B. Maris, and Charles Alvin Jones, affirmed the judgment of the District Court and dismissed his appeal.

On April 3, 1943, the plaintiff presented his petition to the said Circuit Court, then composed of Judges John Biggs, Jr., Albert B. Maris, Charles Alvin Jones, and Herbert F. Goodrich, for "Reversal of Opin-

ion," which petition the said court denied. The plaintiff contends that had the judges, sitting as the Circuit Court, sustained his appeal and reversed the judgment of the District Court on March 22, 1943, instead of dismissing his appeal, he would have been set at liberty; that by their action, said Judges maliciously and knowingly deprived him of his right of freedom of the press because they had sustained his conviction by the District Court. In further support of his charge of conspiracy, he alleges he forwarded to the defendant, William P. Rowland, on April 8, 1943, a "Notice of Appeal to the Supreme Court" and that on April 16, 1943, the said William P. Rowland, in his capacity as Clerk, advised him by letter, that in cases such as his an appeal to the Supreme Court of the United States was no longer a matter of right, but that he could only perfect such an appeal by filing a petition for a writ of certiorari to the Supreme Court accompanied by a certified copy of the record. This letter, plaintiff contends, was written for the purpose of obstructing and defeating the orderly course of justice and that the said William P. Rowland succeeded in his purpose, since the Supreme Court of the United States on June 7, 1943, after having granted leave to the plaintiff to proceed in forma pauperis, denied the application for certiorari on the ground that it was not timely presented. 63 S.Ct. 1331.

To the plaintiff's complaint embodying substantially the facts here related the defendants filed a motion to dismiss. The plaintiff then filed, what he designated as "Brief in opposition to defendants' motion to dismiss," in which the only contention made requiring consideration is that the Seventh Amendment to the Constitution provides a jury trial where the sum exceeds Twenty Dollars ($20), and that he was entitled to have a jury pass on the averments of his complaint. In summary, the plaintiff grounds his cause of action upon acts done by the judicial defendants in the performance of their duties as Judges of the 'Circuit Court of Appeals and upon an act done by the Clerk of the Circuit Court in the performance of his duties as such Clerk.

It seems there are thus two questions here posed for disposition. The first being whether the plaintiff is entitled to a jury trial, when his complaint does not set forth a cause of action, and second whether the Judges of the Circuit Court and the Clerk thereof are liable in damages for acts done by them in the performance of their duties as Judges and Clerk respectively.

■ As to the first question, there is now no doubt whatever that a trial court's dismissal of a complaint, which is not well founded, in that a cause of action is not well laid, is not violative of the Seventh Amendment. As is stated in 31 American Jurisprudence, 561: "The right (to jury trial) does not exist with respect to a complaint or declaration as to which a dismissal or non suit is proper or with respect to facts as to which there is no traverse and as to which the defendant has defaulted." The respective provinces of the court and jury in conformity with the Seventh Amendment are defined in Baltimore & Carolina Line, Inc., v. Redman, 295 U.S. 654, 657, 55 S.Ct. 890, 891, 79 L.Ed. 1636: "The right of trial by jury thus preserved is the right which existed under the English common law when the amendment was adopted. * * * The aim of the amendment, as this Court has held, is to preserve the substance of the common-law right of trial by jury, as distinguished from mere matters of form or procedure, and particularly to retain the common-law distinction between the province of the court and that of the jury, whereby, in the absence of express or implied consent to the contrary, issues of law are to be resolved by the court and issues of fact are to be determined by the jury under appropriate instructions by the court." Hence the plaintiff's contention has no merit whatsoever.

■ With respect to the latter question, it has been held from the early beginning of the English common law down to the most recent decisions that a Judge cannot be sued, civilly, for any act done by him in the performance of his duties even though the act was deliberate and malicious. In Bradley v. Fisher, 13 Wall. 335, 347, 80 U.S. 335, 20 L.Ed. 646, Justice Field, speaking for the Court, said:

"Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry. This was adjudged in the case of Floyd and Barker, reported by Coke, in 1608, where it was laid down that the judges of the realm could not be drawn in question for any supposed corruption impeaching the verity of their records, except

before the king himself, and it was observed that if they were required to answer otherwise, it would 'tend to the scandal and subversion of all justice, and those who are the most sincere, would not be free from continual calumniations.'"

To like effect is Yaselli v. Goff, 2 Cir., 12 F.2d 396, 56 A.L.R. 1239, and United States v. Chaplin, D.C., 54 F.Supp. 926.

Accordingly, the plaintiff's action should be dismissed.