William T. ELLIS

v.

Joseph B. WISSLER, P. J. Court of Common Pleas, Lancaster County, Pennsylvania

and

District Attorney Alspach, City County Building, Lancaster, Pennsylvania.

Civ. A. No. 33952.

United States District Court
E. D. Pennsylvania.

May 20, 1964.

William T. Ellis, in pro. per.

Mark D. Alspach, Philadelphia, Pa., for defendants.

CLARY, Chief Judge.

This action was commenced by the above-named plaintiff by a complaint filed August 5, 1963, in forma pauperis, demanding damages from the above-named defendants, the President Judge of the Court of Common Pleas of Lancaster County, Pennsylvania, and the duly elected District Attorney of Lancaster County, Pennsylvania, for alleged violation of civil rights. In addition thereto, there was a demand for his release in the prayer of the complaint. The action was originally treated as one for habeas corpus. By Order of Judge Van Dusen, of this Court, dated August 19, 1963 (Docket Paper No. 6), on the basis of a letter from the plaintiff dated August 14, 1963, this claim was withdrawn and the case thereafter continued as a civil action for damages. An incidental request for an injunction was denied by Order of Judge Van Dusen (Docket Paper No. 12) filed September 17, 1963.

Counsel for the defendants filed a motion to dismiss on the basis (1) that the complaint failed to state a claim upon which relief could be granted against either of the defendants, and (2) that the defendants were immune because of their judicial and quasi-judicial positions from suits of this nature. The latter was set down for argument and was continued at the request of the plaintiff in order to enable him to secure counsel. This the plaintiff was unable to do and the matter came on for argument before the Court on defendants' motion to dismiss. Thereafter affidavits of each of the defendants were filed, which set out in detail that the only contact that either of the defendants had with the plaintiff was in open Court when he pleaded guilty to, and was sentenced upon, an indictment charging burglary in Lancaster County, Pennsylvania. These affidavits have not been controverted, although opportunity to do so has been afforded plaintiff, and, therefore, the Court will treat the motion as one for summary judgment. Smith v. Government of Virgin Islands, 329 F.2d 135 (3 Cir. 1964).

A reading of the complaint reveals that the basis of the complaint, which is rather ineptly drawn, is that the defendants, as agents of the State, deprived plaintiff of his constitutional right to counsel. It is implicit in the complaint, now substantiated by the affidavits of the defendants, that all of the proceedings in which the named defendants participated took place in open

Court. Under the circumstances, the defendants, as Judge and District Attorney of Lancaster County, are immune to any civil liability, both at common law and under the Civil Rights Act, for actions taken under the authority of their offices and in their official capacities. See Allen v. Biggs, 62 F.Supp. 229 (E.D.Pa. 1945); Gregoire v. Biddle, 177 F.2d 579 (2 Cir. 1949); Perkins v. Rich, 204 F.Supp. 98 (D.Del.1962), aff'd. 316 F.2d 236 (3 Cir. 1963). There being no genuine dispute as to any material fact, the case is appropriate for summary judgment.

It now appears by the attached letter dated May 8, 1964 that the plaintiff himself wishes the case "dropped". Merely dismissing the case, however, would not settle the issues raised. Under the circumstances, the Court, in order to bring this case to a definite legal conclusion, will grant defendants' motion for summary judgment.