**Mary Margaret HAIGH, Plaintiff,**

v.

**Houston A. SNIDOW et al., Defendants.**

**Civ. No. 63-811.**

United States District Court
S. D. California,
Central Division.
June 26, 1964.

Magaram & Riskin, by Ira D. Riskin, Los Angeles, Cal., for plaintiff.

Maurice H. Wallbert, Los Angeles, Cal., for defendant Lumbermens Mutual Casualty Co.

Harold W. Kennedy, County Counsel, and Robert C. Lynch, Deputy County Counsel, Los Angeles, Cal., for defendants Houston A. Snidow, Peter J. Pitchess, Josephine Uttke, Margaret Bird, and Los Angeles County.

THURMOND CLARKE, District Judge.

This is an action for deprivation of civil rights, brought under 42 U.S.C. § 1983. It arises out of plaintiff's being committed to jail and subjected to psychiatric examination.

Plaintiff was a party to a small claims action before defendant Houston A. Snidow, judge of the Municipal Court of Pomona Judicial District, County of Los Angeles. She was found to be in contempt of that court, and thereupon was committed to the Psychiatric Department of Superior Court for examination. Plaintiff was transported to jail, and thereafter to a hospital. Upon examination, she was found not to be mentally ill.

Plaintiff alleges she was wrongfully imprisoned and subjected to psychiatric examination, and was held in jail without adequate clothing and medical care, all in violation of the Civil Rights Act.

The cause is presently before the court on motions for dismissal of the amended complaint as to the following defendants: Judge Snidow; Peter J. Pitchess, sheriff of the County of Los Angeles; Josephine Uttke and Margaret Bird, sheriff's deputies; the County of Los Angeles; and Lumbermens Mutual Casualty Company, surety for certain county employees.

Courts have repeatedly held a county is not liable in an action of this kind. The Civil Rights Act, at 42 U.S.C. § 1983, provides in part:

"Civil action for deprivation of rights

"Every person who * * * subjects * * * any citizen of the United States or other person * * *."

to the deprivation of certain rights shall be liable to the one injured. The county is not a "person" under this statute. Sires v. Cole, 320 F.2d 877 (9th Cir. 1963); Harvey v. Sadler et al., 331 F.2d 387 (9th Cir., April 23, 1964).

The question of liability of a municipal judge presents a more difficult problem. The rule of judicial immunity is succinctly set out in Sires v. Cole, supra, 320 F.2d at p. 879:

"Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter. * * * The Civil Rights Act creates no exception to this immunity."

This immunity extends to judges of municipal courts. Agnew v. Moody, 330 F.2d 868 (9th Cir. 1964).

The municipal judge had power to punish as contempt any act calculated to embarrass, hinder, or obstruct the court in the administration of justice, or calculated to lessen its authority or its dignity. This court is confronted with the question whether the municipal judge might, in exercising such jurisdiction, order a psychiatric examination of an individual found in contempt, without becoming civilly liable.

We may note the California Welfare and Institutions Code, at § 5047, empowers "any person" to initiate proceedings to determine mental illness. The instrument executed by the municipal judge herein requested the superior court to make a preliminary determination, preparatory to possible initiation of proceedings under that section.

An insane person cannot be in contempt. People v. Burt, 257 Ill.App. 60 (1930). If there was any question in defendant Snidow's mind as to the sanity of plaintiff, and therefore as to applicability of contempt proceedings, it was not inappropriate that he seek a determination of plaintiff's mental condition.

It is not necessary to decide—nor does this court wish to be understood as deciding—whether the municipal judge was acting entirely *within* his jurisdiction in initiating such proceeding in connection with a civil case. It is sufficient to say there was not such a *clear absence*

of jurisdiction as to render this defendant liable in *damages.*

The order of the court being regular on its face, and issued by competent authority, the sheriff and his deputies incurred no civil liability in executing it.

However, these persons are alleged further to have failed to supply plaintiff adequate clothing and medical care during her incarceration. This in itself may constitute a deprivation of civil rights. Coleman v. Johnston, 247 F. 2d 273 (7th Cir. 1957). Therein the amended complaint states a claim upon which relief may be granted.

The action is dismissed as to defendants Snidow and the County of Los Angeles. Plaintiff's first and second causes of action are dismissed as to the remaining defendants.