Merle Rhea **HARDY**

v.

John P. **KIRCHNER**, Capt., **Kenneth S. Cliff**, Sgt., **W. H. Hoover**, Alderman, **Wm. C. Storb**, D. A., **Joseph B. Wissler**, P. Judge.

**Civ. A. No. 34145.**

United States District Court
E. D. Pennsylvania.

July 27, 1964.

Merle Rhea Hardy, in personam.

Mark D. Alspach, Philadelphia, Pa., for defendants.

BODY, District Judge.

This action was commenced by Merle Rhea Hardy, an inmate of Eastern State Penitentiary, seeking to recover the sum of $100,000 as compensatory damages against the following defendants:

"John P. Kirchner, Capt." (Died November 1, 1960)

"Kenneth S. Cliff, Sgt." (S. Kenneth Cliff, a Police Sergeant of the City of Lancaster, Pa.) *

"W. H. Hoover, Alderman" (Henry M. Hoover, an Alderman in the City of Lancaster, Pa.) *

"Wm. C. Storb, D. A." (William C. Storb, the then District Attorney of the County of Lancaster, Pa.) *

"Joseph B. Wissler, P. Judge" (Joseph B. Wissler, President Judge of the Court of Common Pleas of the County of Lancaster, Pa.) *

After the filing of the above paper, the named defendants filed a motion to dismiss. The case then appeared on my argument list, but plaintiff did not appear. Thereafter, an order was entered directing the Warden to produce Hardy at a stated time when the argument and hearing was held on February 5, 1964 with Hardy present, and with counsel for the defendants present.

Plaintiff alleges that these defendants acted in a criminal conspiracy depriving him of due process of law and of his constitutional rights that resulted in his present illegal confinement.

In particular, the plaintiff states that on January 10, 1955, Kenneth Cliff, acting under the direct order of John P. Kirchner, proceeded to Roanoke, Virginia, for the purpose of extraditing plaintiff to Pennsylvania. Plaintiff was taken to Pennsylvania and placed in the Lancaster County Jail. On January 28, 1955 plaintiff was brought before Alderman Henry M. Hoover for a hearing. After the hearing plaintiff alleges that the alderman committed criminal misconduct when he sent an illegal transcript of the hearing to the Clerk of the Court stating that plaintiff should be charged with prostitution and statutory rape. Plaintiff was then tried before Judge Wissler and sentenced to from 2½ years to 5 years for prostitution, and to from 5 years to 10 years for statutory rape. Plaintiff alleges that throughout the entire proceeding he was denied the right of counsel and was not permitted to face his accuser.

A careful reading of plaintiff's allegation shows that the petition is ineptly drawn but it appears that plaintiff complains basically of deprivation of his civil rights although no mention is made of them in the petition, and no applicable federal statutes are asserted. Plaintiff has filed, in addition, five habeas corpus petitions since July 17, 1961 with the last one being denied on June 12, 1964 by my Brother, Judge Kraft. Accordingly, this Court will consider this complaint as one within the purview of the Civil Rights Act, 42 U.S.C. § 1981 to § 1994. A similar petition or complaint was dismissed on January 10, 1964 by Judge W. G. Johnstone, Jr. in the Court of Common Pleas of Lancaster County, Pennsylvania, without President Judge Wissler taking any part in the argument or disposition of the case.

■ From the language of the petition it is apparent that each of the defendants at the times complained of was acting in his official capacity and under the authority of his office. The well-founded principle as enunciated by my Chief Judge, Brother Clary, in Ellis v. Wissler, P. J. and District Attorney Alspach, (E.D.Pa.1964), 229 F.Supp. 196 is explicitly applicable here.

" * * * Under the circumstances, the defendants, as Judge and Dis-

---

* The correct names of the individual defendants have been supplied to the Court by counsel for the defendants.

trict Attorney of Lancaster County, are immune to any civil liability, both at common law and under the Civil Rights Act, for actions taken under the authority of their offices and in their official capacities * * "

See also Allen v. Biggs, 62 F.Supp. 229 (E.D.Pa.1945); Gregoire v. Biddle, 177 F.2d 579 (2 Cir. 1949); Perkins v. Rich, 204 F.Supp. 98 (D.Del.1962), aff'd 316 F. 2d 236 (3 Cir. 1963); Smith v. Dougherty, 286 F.2d 777 (7 Cr. 1961), cert. den. 368 U.S. 903, 82 S.Ct. 180, 7 L.Ed.2d 97; Ginsburg v. Stern, 125 F.Supp. 596 (W. D.Pa.1954), aff'd 225 F.2d 245 (3 Cir. 1955); Rhodes v. Houston, 202 F.Supp. 624 (D.C.Neb.1962), aff'd 309 F.2d 959 (8 Cir. 1962).

■ Immunity to suit also applies to Alderman Hoover, for the same considerations giving rise to immunity on the part of judges of courts of record apply with equal force to members of the minor judiciary. Cuiksa v. City of Mansfield, 250 F.2d 700 (6 Cir. 1957). The general rule stated in Stift v. Lynch, 267 F.2d 237 (7 Cir. 1959) is that a justice of the peace is not liable for damages for any error or irregularity in the performance of his duties within the scope of his jurisdiction unless there is shown a breach of duty with an improper or corrupt nature and the lack of good faith in the performance of the same. There has been no such showing on the part of Alderman Hoover in this case.

■ Under the judicial system of the Commonwealth of Pennsylvania the office of magistrate always has been recognized as a judicial office. See McNair's Petition, 324 Pa. 48, 187 A. 498, 106 A.L.R. 1373. For those counties not having magistrates, Article V, Section 11 of the Pennsylvania Constitution, P.S., provides for the establishment of justices of the peace and aldermen. Thus it is clear that the law of Pennsylvania relating to the immunity of these judicial officials from civil liability is the same as that law dictated by the federal courts.

■■ As to Police Sergeant S. Kenneth Cliff, plaintiff's complaint does not state a cause of action for deprivation of due process (42 U.S.C. § 1983), or for deprivation of equal protection (42 U.S. C. § 1985). Before a cause arises there must, of course, be a denial of due process. This Court, being aware of the nature of these allegations, afforded the plaintiff an opportunity to be heard on the entire matter, and to produce before this Court all evidence supporting the same. In determining whether or not plaintiff's constitutional rights have been deprived, I considered the complaint, arguments, testimony and all papers presented to me. The Civil Rights Act does not purport to make every violation of a state law an infringement of plaintiff's constitutional rights. It is applicable only when plaintiff is deprived of constitutional rights in light of every guarantee as required by the Fourteenth Amendment. No such deprivation has been shown to this Court. The Civil Rights Act was enacted to protect the rights of individuals and was not enacted to discipline local law enforcement officers. Jennings v. Nester, 217 F.2d 153 (7 Cir. 1954).

In view of the foregoing opinion, defendants' motion to dismiss will be granted.

Further, I have received from plaintiff numerous letters and papers, including petitions for bail; a letter to remove the Honorable Joseph B. Wissler from this civil suit; and, in the same letter, a desire to drop "the complete civil suit and charges against all defendants"; letters for "emergency hearings", and a petition to come before me because of an "emergency" and "cruel and unusual punishment".

All of these requests as to the letters and papers sent to me are denied. It is important that this case, and all matters presented be brought to a definite legal conclusion.