UNITED STATES of America ex rel.
Joseph Kenneth QUINNAN

v.

David N. MYERS, Superintendent State
Correctional Institution, Graterford,
Pennsylvania.

Misc. No. 2931.

United States District Court
E. D. Pennsylvania.

Feb. 10, 1965.

Joseph K. Quinnan, in pro per.

GRIM, District Judge.

In this habeas corpus petition, relator, a state prisoner, asserts among other contentions that in 1961, during a police investigation, he was "held incommunicado", denied the assistance of counsel and physically coerced into signing a confession of guilt. It appears that these claims of constitutional violations of rights have been asserted in a prior habeas corpus petition to the Court of Common Pleas of York County, Pennsylvania (No. 313 January Term, 1965). That court, on December 19, 1964 dismissed relator's petition. It further appears that no appeal from that decision has been taken by relator although there is still ample time to file such an appeal, P. L. 67, § 4, Act of May 19, 1897 as amended, 12 P.S. § 1136.

Relator attempts to avoid the salutary principle of exhaustion of state remedies by arguing that he has been denied a free transcript of the state habeas corpus hearing and, accordingly, cannot "intelligently prepare his appeal for the State Superior Court." This argument lacks merit. It is clear that an indigent, if proper petition is made to the Superior Court, can be excused from printing the record of the lower court proceedings and decision from which the appeal is taken. See Rules 51 and 52 of Superior Court of Pennsylvania. Moreover, having received a copy of the lower court's Opinion and Order, relator cannot claim ignorance of the basis of the court's decision from which he seeks to appeal. In short, relator has failed to demonstrate any sound reason why he should be granted a federal forum before he has exhausted his state remedies. Accordingly, this petition will be denied.