Homer **FRALEY**, and State of West Virginia for the Use and Benefit of Homer Fraley, Plaintiffs,

v.

James **RAMEY**, Jr., Louise Ramey, Joe Terry, the Fidelity and Casualty Company of New York, a corporation, and National Surety Corporation, a corporation, Defendants.

Civ. A. No. 1155.

United States District Court
S. D. West Virginia,
Huntington Division.

April 1, 1965.

Duncan W. Daugherty, Huntington, W. Va. (Daugherty & Daugherty, Huntington, W. Va., on brief), for plaintiffs.

William C. Beatty, Huntington, W. Va. (Huddleston & Bolen, Huntington, W. Va., on brief), for defendant Fidelity & Casualty Co. of New York.

CHRISTIE, District Judge.

Louise Ramey, a Justice of the Peace of Grant District, Wayne County, West Virginia, issued a warrant on November 2, 1962 for the arrest of Homer Fraley for rape of one Mary Marcum. Fraley had previously been appointed to serve as an election official in the general election to be held November 6, 1962. The warrant was executed by James Ramey, Jr., a Constable of Grant District and the husband of the justice, and Joe Terry, a Constable of Stonewall District, in Wayne County, at 3:00 o'clock A.M., November 6, 1962, and Fraley was lodged in the Wayne County Jail, from which he was later that day released upon bond fixed by the Judge of the Circuit Court, to answer the next grand jury. His release, however, came too late to enable him to serve as an election official, but not too late for him to vote.

Fraley, in his complaint for civil damages against the justice and the constables and their respective sureties, alleges that the issuance of the warrant and his subsequent arrest and incarceration were the result of a conspiracy on the part of the justice and the two constables to prevent him from exercising his rights to vote and to serve as an election official in said election, and that by reason thereof he has a cause of action under the Civil Rights Statutes, 42 U.S.C. §§ 1983 and 1985.

The justice and her surety, Fidelity and Casualty Company of New York, have answered that the complaint fails to state a cause of action against them, in that it shows on its face that the wrong charged to the justice involved a judicial act for which neither she nor her surety is civilly liable under the doctrine of judicial immunity. But counsel for Fraley counters by saying that since the complaint alleges the justice wrongfully conspired with the constables in the issuance of the warrant, she thereby lost any immunity which she would have otherwise had.

West Virginia Code, 61–2–15, makes rape a criminal offense, and the

same code, C2–1–1, confers authority upon a justice to issue process for the apprehension of a person charged with a criminal offense. Rape being a criminal offense, the justice undoubtedly had authority of law, upon a proper complaint, to issue the warrant in question. It is also clear that the function of issuing a criminal warrant is judicial rather than ministerial. Williamson v. Waugh, 160 F.Supp. 72 (D.C.N.D.W.Va.); 51 C.J.S. Justices of the Peace § 19, p. 36.

In 1871, in Bradley v. Fisher, 13 Wall. 335, 80 U.S. 335, 20 L.Ed. 649, a case growing out of the murder of Abraham Lincoln, the Supreme Court held the judicial immunity doctrine to apply, regardless of motives, where it appeared the judge had jurisdiction of the subject-matter. To quote briefly:

> "Judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.
>
> \*    \*    \*    \*    \*    \*
>
> "Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed."

This decision was only declaratory of the common law doctrine long before followed in England, and it has since been generally upheld and applied by the courts of this country. Williamson v. Waugh, supra; Gregoire v. Biddle, 177 F.2d 579 (2d Cir. 1949); Barr v. Matteo, 360 U.S. 564, 569, 79 S.Ct. 1335, 1338, 3 L.Ed.2d 1434 (1959); Meredith v. Van Oosterhout, 286 F.2d 216 (8th Cir. 1960); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Duzynski v. Nosal, 324 F.2d 924 (7th Cir. 1963); Hurlburt v. Graham, 323 F.2d 723, 725 (6th Cir. 1963); Sires v. W. R. Cole, Judge, 320 F.2d 877 (9th Cir. 1963). The most recent pronouncements on the subject are found in Ellis v. Wissler, 229 F.Supp. 196 (D.C.E.D.Pa. 5–20– 64); Haigh v. Snidow, 231 F.Supp. 324 (D.C.S.D.Calif. 6–26–64) and Hardy v. Kirchner, 232 F.Supp. 751 (D.C.E.D.Pa. 7–27–64). These latter district court decisions are in line with the prior decisions noted on the proposition. For example, see Haigh v. Snidow, supra, where the district court quoted with approval from Sires v. Cole, supra, 320 F.2d at p. 879, as follows:

> "Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter. \*   \*   \* The Civil Rights Act creates no exception to this immunity."

And in Hardy v. Kirchner, supra, it was alleged, as it is alleged here, that there was a criminal conspiracy by the defendants to deprive plaintiff of due process of law and of his constitutional rights resulting in his illegal confinement, but the district court there found, as we must find here, that such allegation did not take the case from without the immunity rule, citing, among other cases, the case of Gregoire v. Biddle, supra, as its authority. And the benefit of the rule is extended to justices of the peace as well as to courts of record. See 51 C.J.S. Justices of the Peace § 18 p. 36, where the general rule is given thusly:

> "A justice of the peace is not civilly liable for any error or irregularity in the performance of judicial acts within his jurisdiction, even though, by the weight of authority, he acts corruptly or maliciously."

See also the Virginia case of Berry v. Smith, 148 Va. 424, 139 S.E. 252, 55 A.L.R. 279, where judicial immunity in a justice of the peace was recognized and upheld:

> "When a justice of the peace is acting fully within his jurisdiction

through having jurisdiction of the subject-matter and of the person in a particular case, he is not civilly liable for acts done therein."

■■ It is, therefore, the opinion of this court that, since the justice in this case, in the issuance of the warrant, did have jurisdiction of the subject-matter (the crime of rape) and of the person (Fraley, the accused), her act in issuing the warrant was a judicial one for which she has judicial immunity from civil liability, however wrongful her motives might have been, and however injurious in its consequences it may have proved to Fraley. This being so, there can be no primary liability against her in her official capacity nor vicariously against her surety, Fidelity, since the obligation of the bond goes to her official rather than to her private malfeasance or misfeasance. Booten v. Napier, 121 W.Va. 548, 5 S.E.2d 441; State ex rel. City of Beckley v. Roberts, 129 W.Va. 539, 40 S.E.2d 841; and State ex rel. Boone Nat. Bank of Madison v. Manns, 126 W.Va. 643, 29 S.E.2d 621.

An order will issue accordingly.