**Cameron R. PRITT, Plaintiff,**

v.

**Richard K. JOHNSON, Warden, York County Prison et al., Defendants.**

**Civ. A. No. 9798.**

United States District Court
M. D. Pennsylvania.

Feb. 24, 1967.

---

168

---

## MEMORANDUM

FOLLMER, District Judge.

By Order dated January 10, 1967, this Court denied Cameron R. Pritt, plaintiff, leave to proceed in forma pauperis and dismissed his complaint because it was so vague that it was impossible to determine whether there was any merit to the complaint. The complaint alleged deprivation of his Civil Rights under 42 U.S.C. §§· 1983, 1985. Plaintiff has now filed a motion for reconsideration in which he states facts relating to his general allegations, in great detail (the motion is a 31 page handwritten document) and names ten additional persons as those he vaguely referred to in his original complaint. These ten additional persons named in the motion for reconsideration have been added as additional defendants.

In the "History of the Case," [1] (Motion, p. 7, et seq.) plaintiff details the background of his complaint essentially as follows: On or about August 16, 1965, he alleges that he was arrested illegally by defendants Linker and Scutta who stopped the car he was in and forcibly took him to the station without a warrant. These same troopers refused to allow him to call an attorney, after which refusal he was interrogated about a certain crime. He was subsequently released from custody and later rearrested. He was placed in the York County Jail and upon a request for counsel, "Warden Johnson replied that legal aid counsel came to the Prison every Friday night, and that Plaintiff would have to wait until then." (Motion, p. 11).

On August 19, plaintiff was taken before Alderman Thomas where he again requested permission to contact an attorney. He asked Alderman Thomas if he had the right to counsel, and was told that the Alderman was not at liberty to answer the question or advise him what to do. (Motion, p. 12) He ultimately waived the hearing to await grand jury action.

The legal aid attorney apparently didn't come to the jail for the next two Fridays, but Warden Johnson had plaintiff come to his office at a later date and allowed him to prepare a request for court-appoint counsel, which request was granted.

It is also claimed that Gilbert Reverend, a bail bondsman, sent Dorothy Kriner to the District Attorney with a false and fictitious story implicating the plaintiff in a certain crime. Plaintiff further claims that letters written to his counsel were not mailed by the prison officials and that defendant Ernst induced him to withdraw his motion for new trial on promises of leniency.

There are many other allegations contained in plaintiff's complaint, but for the present purposes the above is basically the background that gave rise to this complaint.

In order that a claim be stated under 42 U.S.C. § 1983, facts must be alleged which show that a person: (1) while acting under color of any statute, ordinance, regulation, custom or usage of any State; (2) subjects or causes to be subjected, any person within the jurisdiction of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States. The element of conspiracy is added in Section 1985. Jurisdiction is obtained under 28 U.S.C. § 1343.

The first basic requirement is that the person being sued be acting under color of state law. "This test can rarely be satisfied in the case of anyone other than a state official." Jobson v. Henne, 355 F.2d 129, 133 (2d Cir.1966). "The misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action pursued under color of law within the meaning of 42 U.S.C.A. § 1983." Basista v. Weir, 340 F.2d 74, 80 (3d Cir.1965).

In this regard, it should be noted that plaintiff has again attempted to sue Mr. Noll, his counsel.[2] In Pugliano v. Staziak, 231 F.Supp. 347, 351 n. 5 (W.D. Pa.1964), aff'd. 345 F.2d 797 (3d Cir. 1965), it is stated:

"An attorney's status as an 'officer of the court' does not make him an officer of the Commonwealth of Pennsylvania or of any governmental subdivision thereof. He is just another private individual for purposes of §§ 1983 and 1985. * * *"

The professional acts performed by plaintiff's counsel can not be considered acts done under color of state authority. Kregger v. Posner, 248 F.Supp. 804, 806 (E.D.Mich.1966). This complaint will be dismissed as against Noll, as was the previous complaint filed by plaintiff.

---

1. This "History" will be considered as part of the complaint.

2. Pritt v. Noll, Civil Action No. 9783, (M. D.Pa. Decided December 30, 1966, unreported).

■ Likewise, there is nothing in the complaint to indicate that the defendant, Dorothy Arlene Kriner, was acting under color of state law. Simply because she testified in the criminal case against plaintiff does not in any way cloak her with the authority of the state. Thus the complaint must be dismissed as to defendant Kriner.

■ This complaint also raises the question of whether prosecuting attorneys and a judge can be held liable for acts done in their official capacity. In the recent case of Bauers v. Heisel, 361 F.2d 581 (3d Cir.1966), it was held that prosecuting attorneys have the same immunity from suit as is afforded members of the judiciary. Since the acts complained of were clearly within the authority and jurisdiction of their respective offices, the Hon. George W. Atkins, President Judge of York County; Daniel W. Shoemaker, District Attorney of York County; and Nevin J. Trout, Assistant District Attorney of York County, are immune from civil liability under the Civil Rights Act. Gabbard v. Rose, 359 F.2d 182 (6th Cir.1966). This complaint will also be dismissed as to them.

■ ■ The immunity to suit that applies to judges of courts of record also applies to members of the minor judiciary. Hardy v. Kirchner, 232 F.Supp. 751, 753 (E.D.Pa.1964); Fraley v. Ramey, 239 F.Supp. 993 (S.D.W.Va. 1965). Again, the acts complained of, performed by Alderman Thomas, were within the scope of his jurisdiction and in the performance of his duties. There has been no showing of actions sufficient to abrogate the immunity and the complaint as against Chester D. Thomas, Jr., will be dismissed.

■ ■ From a reading of the complaint, it is evident that there are no allegations indicating that either Marie Johnson or Clair R. Stine deprived the plaintiff in any way of his civil rights. Moreover, it would appear that the judicial immunity doctrine would shield Clair R. Stine from civil liability for acts performed in his official capacity as Clerk of Court of York County. Harmon v. Superior Court of State of California, 329 F.2d 154, 155 (9th Cir.1964). Accordingly, the complaint will also be dismissed as to the defendants, Marie Johnson and Clair R. Stine.

However, it would appear from first blush, that on the face of the pleadings submitted by plaintiff that there may be valid causes of action against the remaining defendants. At this stage of the proceedings it cannot be said that plaintiff does not have a cause of action against Richard K. Johnson, Henry Ernst, William J. Linker, Robert J. Scutta and Gilbert Reverend. It should be noted that this statement in no way indicates this Court's feelings on the ultimate merits of the complaint and in no way does it preclude the above defendants from making any motions as provided for in the Federal Rules of Civil Procedure.

Accordingly, leave to commence the action, in forma pauperis, as to the defendants Richard K. Johnson, Henry Ernst, William J. Linker, Robert J. Scutta and Gilbert Reverend only, will be granted.

ORDER

Now, February 24, 1967, in accordance with Memorandum filed this day, it is ordered that the Order dated January 10, 1967, is hereby vacated; that leave to commence an action, in forma pauperis, against defendants Richard P. Noll, Hon. George W. Atkins, Daniel W. Shoemaker, Nevin J. Trout, Dorothy Arlene Kriner, Chester D. Thomas, Jr., Marie Johnson and Clair R. Stine, is hereby denied and that the complaint as to these said defendants is hereby dismissed.

It is further ordered that leave to commence this action, in forma pauperis, against defendants Richard K. Johnson, Henry Ernst, William J. Linker, Robert J. Scutta and Gilbert Reverend, is hereby

granted, and the Clerk of Court is directed to provide for service of process in accordance with the provisions of Rule 4(d) (4) of the Federal Rules of Civil Procedure.