**UNITED STATES of America ex rel. Jeffrey HANSLER**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

No. 3953.

United States District Court
E. D. Pennsylvania.

Dec. 30, 1968.

vide him without charge with copies of "Docket entries, Indictments, Notes of Testimony, Commitment, Bills of Exceptions, Etc.", relating to his criminal proceedings in the State courts or, in the alternative, to order a certain State Court judge, pursuant to the Civil Rights Act, 42 U.S.C. Section 1983, to direct the Clerk of the Quarter Sessions Court of Lehigh County to provide him with copies of those documents. Petitioner pled guilty to charges of burglary, larceny and receiving stolen goods, and is now serving sentence at the Graterford State Correctional Institution. He did not directly apppeal his conviction and sentence, nor has he thus far collaterally attacked his conviction and sentence.

Pursuant to 17 P.S. Section 1802, petitioner requested a State Judge to enter an order directing that he be supplied with copies of the aforementioned documents. The Judge entered an order denying petitioner's request.[1] An attempt to appeal that order proved fruitless, petitioner being advised by the Prothonotary of the Supreme and Superior Courts that such an order was not appealable. Petitioner is now before this Court contending that the State's refusal to supply him with copies of the documents is a denial of his constitutional rights to equal protection and due process and is asking for appropriate relief.

Jeffrey Hansler, per se.

George J. Joseph, Dist. Atty., Lehigh County, Easton, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

This is a petition by a State prisoner requesting this Court to issue a writ of habeas corpus because the Commonwealth of Pennsylvania refuses to pro-

There is no doubt but that the equal protection clause of the constitution requires a free transcript to be furnished an indigent State prisoner for use in a direct appeal from his State conviction where that is needed and that it also affords a like right to a free transcript to an indigent State prisoner to afford him an opportunity to collaterally attack his State conviction and sentence where that is essential in or-

1. 17 P.S. Section 1802 clearly provides that a request for notes of testimony must be granted if made within ninety (90) days from date of verdict, or may be granted at any time if in the discretion of the Court such request should be granted. The State Court judge advised petitioner that since the statutory period had expired he was not entitled to the notes automatically and that since petitioner made nothing but general averments concerning equal protection and due process he could find no basis upon which to exercise his discretion.

544

der to permit him to demonstrate his right to such relief. See the cases cited in Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

 Conversely, there is no doubt that a free transcript need not be furnished an indigent prisoner merely for perusal or curiosity, but only where it is necessary to present fully the indigent prisoner's claim for relief. Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963); Wilson v. Wade, 390 F.2d 632 (9th Cir. 1968); United States of America v. Culver, Criminal No. 21601 (E.D.Pa.1967); Washington v. Official Court Stenographer, 251 F.Supp. 945 (E.D.Pa.1966).[2] Nor is there any doubt that those documents, other than transcripts, which have little if any significance in a particular case need not be supplied free to an indigent prisoner merely because the State is willing to make them available to others able to pay for them.

 Applying these established legal principles to the facts of this case, we note that petitioner has neither directly nor collaterally attacked his conviction and sentence. Aside from the fact that we cannot see what use any defendant might have in any case for some of the documents petitioner requests, in his request to the State Court for these documents he made very general allegations that he had been deprived of his constitutional rights to due process and equal protection and that he needed the documents to prepare petitions for post-conviction relief. In his petition which is presently before this Court he has made the same very general allegations. Under these circumstances, the denial of petitioner's request for these documents by the State Court judge was not violative of the equal protection and due process clauses of the constitution since it is impossible to determine whether petitioner needs the documents requested for purposes of post-conviction relief. It may well be that petitioner requests these documents merely for perusal or curiosity.

 In addition, aside from the merits of whether petitioner is entitled to the documents he requests, construing this petition as a civil rights action, it is clearly established that judges are immune from liability under the Civil Rights Act. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Pritt v. Johnson, 264 F.Supp. 167 (M.D.Pa.1967). Furthermore, again aside from the merits, construing this petition as one requesting the issuance of a writ of habeas corpus, it is clear that a State prisoner cannot avoid the salutary principle of exhaustion of State remedies by arguing that he has been denied certain documents where he can intelligently and adequately pursue post-conviction remedies without them. United States ex rel. Quinnan v. Myers, 238 F.Supp. 765 (E.D.Pa.1965). Whether petitioner is able to so pursue his post-conviction remedies without these documents cannot be resolved by the State Courts until petitioner presents to the State Courts the grounds for relief which he seeks to assert.

Accordingly, this petition will be denied. To the extent it is considered a petition for a writ of habeas corpus there is no probable cause for appeal.

---

2. In Boney v. United States of America, 128 U.S.App.D.C. 279, 387 F.2d 237 (1967), the Court held that a free transcript should be provided to an indigent federal prisoner even in the absence of a showing of need. But the Court went on to say, that since the Government's evidence on the issue sought to be attacked through the use of the transcript was so overwhelming, the erroneous denial by the trial court of the defendant's request for a transcript was not reversible error. Aside from the fact that the decision in that case appears to be in conflict with the other cases cited in the main body of this memorandum, we could not determine whether petitioner in this case has been prejudiced by the denial of his request for a transcript until he has pursued his claims for post-conviction relief and thereby exhausted his State remedies.