**A & M STORES, INC., Plaintiff-Appellant,**

**v.**

**HIRAM WALKER, INC., Brown-Forman Distillers Corporation, Tampa Wholesale Liquor Co., et al., Defendants-Appellees.**

**No. 28518**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

May 12, 1970.

Natalie Baskin, Milton E. Grusmark, Miami Beach, Fla., for plaintiff-appellant.

John M. Allison, Tampa, Fla., James C. McKay, George V. Allen, Jr., Washington, D. C., for Hiram Walker, Inc.

T. Paine Kelly, Jr., Tampa, Fla., for Brown-Forman.

Arnold D. Levine, Tampa, Fla., for Regueira.

James E. Lehan, Tampa, Fla., for Tampa Wholesale.

Thomas E. Henderson, Tampa, Fla., for Tampa Crown.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

A & M Stores, Inc., a retail liquor store in Hillsborough County, Florida, brought this action for damages and injunctive relief against certain out-of-state distillers and local wholesale distributors of alcoholic beverages. The gravamen of plaintiff's complaint is the alleged existence of quantity discounts under which certain of its retail competitors are said to be able to purchase alcoholic beverages from the defendant distributors at prices lower than those available to plaintiff.

Count One of plaintiff's complaint alleges discriminatory pricing in violation of section 2 of the Clayton Act, as amended by the Robinson-Patman Act, 15 U.S.C.A. § 13. Count Two of the complaint alleges a conspiracy in violation of section 1 of the Sherman Act, 15 U.S.C.A. § 1.

■ As to both counts of the complaint the district court granted defendants' motions for summary judgment, ruling that no genuine issues of material fact existed. Plaintiff appeals, and we affirm.[1]

Insofar as Count One of the complaint is concerned, this case is factually indistinguishable from, and is controlled by, the case of Hiram Walker, Inc. v. A & S Tropical, Inc., 5 Cir. 1969, 407 F.2d 4, cert. denied, 396 U.S. 901, 90 S.Ct. 212, 24 L.Ed.2d 177, in which this court held that the granting of the defendants' motions for summary judgment was required as a matter of law.

■ Regarding Count Two of the complaint, the record reveals that plaintiff failed to meet its burden of responding to defendants' motions for summary judgment by setting forth "specific facts showing that there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. The entry of summary judgment was therefore proper.

The judgment of the district court is affirmed.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.