Audrey **WINTERHALTER**, Plaintiff,

v.

**THREE RIVERS MOTORS COMPANY, a corporation, Three Rivers Leasing Company, a corporation, William Winterhalter, an individual, H. R. Litwiler, an individual, Albert C. McMahon, an individual, Joseph Brucker, an individual, Edwin F. Prosser, an individual, Defendants.**

Civ. A. No. 69–1365.

United States District Court,
W. D. Pennsylvania.

May 14, 1970.

John R. McGinley, Jr., Pittsburgh, Pa., for plaintiff.

Charles L. Stonage, Pittsburgh, Pa., for Three Rivers Motors Co., Three Rivers Leasing Co., William Winterhalter and H. R. Litwiler.

Paul J. Shapiro, Pittsburgh, Pa., for Edwin F. Prosser, Albert G. McMahon and Joseph Brucker.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff and her husband leased an antomobile from Three Rivers Leasing Company. The payments became delinquent. The Leasing Company couldn't find the automobile for repossession. Defendant Leasing Company (i. e. Defendants Three Rivers Motors Company, Three Rivers Leasing Company, and two corporate officers, William Winterhalter and H. R. Litwiler) proceeding under the Pennsylvania fraudulent leasing statute, swore out a complaint before Defendant Prosser, a Pennsylvania Justice of the Peace, alleging a violation of the statute. Squire Prosser issued a warrant for Plaintiff's arrest which was delivered to Constables Brucker and McMahon for execution. They arrested Plaintiff and brought her before the Squire. She was released without bond and a hearing was continued until later, the auto was returned and Plaintiff discharged.

Plaintiff sues all Defendants in one action, in 10 counts. Count 1 alleges violation of the Civil Rights Act 42 U.S. C.A. § 1981 and 28 U.S.C.A. § 1343; the remaining nine counts are for torts under state law for which plaintiff claims pendant jurisdiction to the jurisdictional basis of Count 1.

All Defendants have moved to dismiss.

We believe that the Civil Rights cause of action against the four private parties Defendant (i. e., Three Rivers Motors Company, Three Rivers Leasing Company, William Winterhalter and H. R. Litwiler) must fall. To found a civil rights claim there must be a misuse of power possessed by state law, made possible only because the party is clothed with the authority of state law. Weyandt v. Mason's Stores, Inc., 279 F.Supp. 283 [W.D.Pa., 1968]. No allegation is made that these persons were clothed with authority of state law. Count 1 as to these defendants will be dismissed.

No civil rights cause of action can be maintained against a judicial officer for actions taken under authority of his office. Hardy v. Kirchner, 232 F. Supp. 751 (E.D.Pa., 1964). This applies to members of the minor judiciary in Pennsylvania. Idem. Thus, the Civil Rights claim against Defendant Squire Prosser must be dismissed.

Defendants Constable McMahon and Constable Brucker, acting in the course of their duties in serving a warrant regularly issued to them by a magistrate, were acting as an arm of the judicial power and are likewise immune from suit under the Civil Rights Act. Ellenburg v. Shepherd, 304 F.Supp. 1059 [E.D.Tenn., 1966], affd. 406 F.2d 1331 [6th Cir., 1967]; Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 [1967]. The civil rights count against the two constables must be dismissed.

May the court take or retain jurisdiction of the pendant nine state court counts? Pendant jurisdiction is discretionary doctrine and not one of right. Our impression of the related state claims here is that the state claims are predominant rather than pendant and that the single civil rights count is not the major issue, but is rather appended to give this court jurisdiction. This is an illustration of a growing tendency to attempt to manufacture a civil rights claim out of every tortious action. In United Mine Workers v.

Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L. Ed.2d 218 [1966], the court held that to entertain pendant jurisdiction the federal claim must be substantial and state issues should not predominate.

But, having found no basis to sustain the civil rights count against any defendant we are reinforced in our determination that no pendant jurisdiction should be exercised. This is particularly true when the federal claim is dismissed on the pleadings. See Robinson v. Stanley Home Products Co. Inc., 272 F.2d 601 [1st Cir., 1959].

## ORDER

And now this 14th day of May, 1970, the Motions of Defendants to Dismiss are granted, and the action is dismissed as to all parties Defendant.