**Ritenour E. EVANS, Plaintiff,**

v.

**PROTHONOTARY OF SUPREME COURT OF PENNSYLVANIA, WESTERN DISTRICT, PITTSBURGH, PENNSYLVANIA 15219, Defendant.**

**Civ. A. No. 70–1410.**

United States District Court,
W. D. Pennsylvania.
March 30, 1971.

Ritenour E. Evans, C–8072, pro se.

J. Shane Creamer, Atty. Gen., by Joseph J. Pass, Jr., and Joseph Martin Gelman, Special Asst. Attys. Gen., Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

MARSH, Chief Judge.

Plaintiff, an inmate at the State Correctional Institution at Pittsburgh, has filed a Civil Rights Action in this court under 28 U.S.C. § 1343(3), (4) and 42 U.S.C. § 1983 alleging that the Prothonotary of the Supreme Court of Pennsylvania, Western District, (defendant) wrongfully held his Petition for Writ of Mandamus for some 25 days before returning same to plaintiff.

From his complaint it seems that the plaintiff filed a Petition under the Pennsylvania Post Conviction Act in the courts of Fayette County seeking a "remedy against his illegal restraint and confinement." Although the plaintiff does not say when this petition was filed in the Fayette County courts, he apparently had received no response to his petition by November 12, 1970, for on that date he "mailed a petition for writ of Mandamus to the Supreme Court of Pennsylvania * * * seeking therein a remedy against inordinate delay of the criminal Court's [sic] of Fayette County". On December 3, 1970, the plaintiff mailed the complaint in this action alleging that "to date, defendant has not even acknowledged the safe receipt of said petition". He alleges that the defendant's refusal to properly and promptly act upon his petition and administer the duties of his office "has resulted with plaintiff being deprived of due process of an orderly procedure for redress of his grievances". Subsequent to the filing of this complaint the plaintiff's Petition for Writ of Mandamus was returned to him by the defendant.

The defendant has filed a Motion to Dismiss (which the court is treating as one for summary judgment, Rule 12(b), Fed.R.Civ.P.), and from the affidavits and exhibits submitted it appears that the reason for returning the petition was that the plaintiff did not include the filing fee of $15 when an accompanying document from the prison showed that the plaintiff had sufficient funds in his prison account to pay the filing fee. In support of his motion the defendant contends that he was acting pursuant to Rule 77 of the Rules of the Supreme Court of Pennsylvania and that he did not act in derogation of the plaintiff's civil rights, and in any event the defendant's position is quasi-judicial and carries immunity when he is acting pursuant to his official duties. For both these reasons, we think the defendant's motion should be granted.

Rule 77 calls for the pre-payment of all costs, and authorizes the Prothonotary to dismiss petitions as of course where this is not done. The plaintiff concedes in his brief (p. 3) that the Prothonotary was justified in returning the petition for failure to remit the required filing fees, but contends that by retaining the petition about 25 days before returning it "was to defeat the urgency of the action, and subject and or cause the Mandamus remedy to become

**734**

an inordinate remedy". Plaintiff relies on Rule 69 of the Rules of the Supreme Court of Pennsylvania to support his position and further claims that it devastates the defendant's reliance on Rule 77. Our reading of Rule 69 leaves us with the opinion that it has no application to the present dispute. That rule directs the Prothonotary to present forthwith to the Court for action certain petitions which are *filed*. This rule has no application to petitions which the Prothonotary is authorized to dismiss under Rule 77 and which are *never filed*.

█ Furthermore, acts done by judicial and quasi-judicial officers in the performance of their duties are immune from suit under the Civil Rights Act. Rhodes v. Meyer, 334 F.2d 709 (8th Cir. 1964) and cases cited therein at p. 718; Harmon v. Superior Court of State of California, 329 F.2d 154 (9th Cir. 1964); Pritt v. Johnson, 264 F.Supp. 167 (M.D. Pa.1967).

An appropriate order will be entered.