**Hammond SCOTT, III, Plaintiff,**

v.

**James DOLLAHITE et al., Defendants.**

**No. DC 71-61-K.**

United States District Court,
N. D. Mississippi,
Delta Division.

Feb. 17, 1972.

David A. Gustafson, Southaven, Miss., for plaintiff.

William L. Rone, William Ballard, Hernando, Miss., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This, basically, is an action under 42 U.S.C. § 1983 for damages against defendant police officers for illegal search and seizure and arrest. Plaintiff claims that these defendants, armed with an illegal search warrant is-

sued by the Mayor's Court for the City of Hernando, Mississippi, searched his apartment premises on April 5, 1971, and upon finding certain pills, unlawfully arrested him. Plaintiff asserts that he was unlawfully imprisoned a half day in the Hernando City jail before being released on bond, and he attacks the search warrant as legally insufficient and based on improper affidavit, thus contravening his Fourth Amendment rights. Defendants interposed a motion seeking dismissal of the action on the ground that the complaint failed to state a claim upon which relief can be granted, Rule 12(b) (6). After hearing oral argument of counsel, this court was of the opinion that the motion to dismiss should be treated as a motion for summary judgment pursuant to Rule 56.[1]

The parties were granted time to file affidavits and other evidentiary materials. Plaintiff, on his motion, was granted additional time to obtain affidavits. The only affidavit filed by plaintiff during this extension was that of his counsel. Attached to this affidavit was a copy of the search warrant and affidavit for the search warrant. This copy was furnished by the defendants since Mayor Massie had been unable to locate the original document.

The defendants submitted the affidavits of James Dollahite, Burma Hobbs, Sr., Donald Swanson, Mayor Harry B. Massie and attorney H. R. Garner. Attached to the affidavit of Dollahite is the general affidavit he made before Mayor Massie as incident to arrest of the plaintiff. Garner was the attorney who represented the plaintiff before Mayor Massie.

It is firmly established in this Circuit and elsewhere that summary judgment should be granted with great caution and only where it clearly appears that there is no genuine issue as to a material fact and the movant is entitled to judgment as a matter of law. National Screen Service Corp. v. Poster Exchange, Inc., 305 F.2d 647 (5 Cir. 1962). The burden of showing adequate proof on these issues is on the movant, Rule 56(c), F.R.Civ.P.; and the inferences to be drawn from the underlying facts contained in the presented material must be viewed in the light most favorable to the party opposing the motion. Gauck v. Meleski, 346 F.2d 433 (5 Cir. 1965). However, once the movant has presented sufficient proof that summary judgment may be granted, it is incumbent upon the opposing party to set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), F.R.Civ.P.; A & M Stores, Inc. v. Hiram Walker, Inc., 427 F.2d 167 (5 Cir. 1970).

The defendants filed affidavits showing that a search warrant was issued by a court possessing general jurisdiction over the subject matter; the search warrant was obtained from the magistrate upon a sworn statement of specified information; the search was conducted in an orderly manner and without violence or obscene language by the officers; a prescription barbiturate drug, "Donatil", was found on the premises, with no present evidence that the drug was lawfully in possession of the plaintiff; an arrest was made on probable cause that a crime had been committed; and the plaintiff was taken to jail unhandcuffed and without incident.

As for the underlying affidavit which plaintiff challenges as insufficient for constituting probable cause, defendant Dollahite informed the magistrate that a search of the premises, i. e.: the upstairs apartment of a commercial build-

---

1. Under Rule 12(b), a motion to dismiss for failure to state a claim shall be considered as a motion for summary judgment under Rule 56 when matters outside the pleadings are before the court, and the parties may be allowed to offer relevant evidentiary material.

ing, was needed for the following reasons:

"(1) Place under surveilance for couple of months

(2) according to reliable information place has been used as quarters for Drug Parties

(3) purchase of capsules has been made from same quarters

(4) at present time activity is going on with loud noises."

Plaintiff has not challenged the good faith of the defendant officers in executing the search warrant.

■ It is a well-established rule that when the movant has supported his motion for summary judgment by affidavit or otherwise, the adverse party may not rest upon the mere allegations or denials of his pleadings, Rule 56(e). "Stubborn reliance upon allegations and denials in the pleadings will not alone suffice, when faced with affidavits or other materials showing the absence of triable issues of material fact." 6 Moore's Federal Practice ¶ 56.11[3], p. 2170 (1966). The non-moving party is not without relief. If he cannot offer opposing material, he must show to the court why it is not available, Rule 56(f). "If no such rebuttal is furnished by the non-moving party, and the materials of the party warrant entry of summary judgment, it should be entered by the court." 6 Moore's, supra, ¶ 56.22. The opposing party cannot hold back his evidence until trial. Ibid ¶ 56.15[6].

■ The plaintiff did file the counter-affidavit of David A. Gustafson, plaintiff's counsel in the case sub judice. However, the affidavit fails to set forth specific facts showing that there is a genuine issue. The significant features of Rule 56(e) are that affidavits must be made on "personal knowledge", must set forth facts which "would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters" stated thereon. The affidavits must set forth "specific facts" showing that there is a genuine issue. Inadmissible evidence does not comply with 56(e) and is incompetent to raise a genuine issue of fact. Neff v. World Publishing Co., 349 F.2d 235 (8 Cir. 1965). The affidavit tendered for plaintiff contains statements of what certain persons, other than the defendants, had said, being inadmissible hearsay. It also contains the attorney's impressions and legal opinions, as well as his declaration of intention to produce evidence by other affidavits that were not obtained or submitted to this court. Very little, if any, of the affidavit's factual content rested upon the attorney's personal knowledge.

The developing case law reflects an attitude of judicial disapprobation of the practice of submitting affidavits which embody the sworn statements of counsel of his conclusions or what another person has told him. See Maddox v. Aetna Casualty and Surety Co., 259 F.2d 51 (5 Cir. 1958); Inglett & Co. v. Everglades Fertilizer Co., 255 F.2d 342 (5 Cir. 1958); 3 Barron & Holtzoff, Federal Practice and Procedure, § 1237 (1958), 1970 Pocket Part, pp. 120–121.

Judge John R. Brown in *Inglett & Co.* supra, said:

". . . [W]ithout impugning any improper professional motive to this obviously able counsel, we doubt that the disposition of patent cases is furthered by counsel being the personal vehicle by which the 'undisputed' facts are put before the court. We consider it a tribute to the high calling of advocacy to say that we think it an unnatural, if not virtually impossible, task for counsel, in his own case, to drop his garments of advocacy and take on the somber garb of an objective fact-stater." 255 F.2d at 349.

Furthermore, the non-moving party has not stated sufficient reasons for an inability to present the facts in this case. The two persons from whom he wanted affidavits were willing. One of these

persons, Mr. Garner, gave an affidavit for the defendants. No reason was offered by the plaintiff as to why the other willing person was not approached. Even if these persons were unwilling to sign an affidavit, no reason appears why their depositions could not have been taken.

Having concluded that no material issue of fact is in dispute, we must now determine if the defendants are entitled to a judgment as a matter of law. In Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court held at p. 556, 87 S.Ct. at p. 1219 that "the defense of good faith and probable cause . . . available to the officers in the common-law action for false arrest and imprisonment, is also available to [him] in the action under § 1983." The rule as to the execution of search warrants is stated in Commonwealth of Pennsylvania ex rel. Feiling v. Sincavage, 439 F.2d 1133 (3 Cir. 1971):

> "A peace officer who acts in good faith and in a reasonable manner in executing a search warrant issued by a judicial officer is not made liable in damages under 42 U.S.C. § 1983 upon a showing that the judicial officer erred."

Accord: Ellenburg v. Shepherd, 304 F.Supp. 1059 (E.D.Tenn.1966), aff'd 406 F.2d. 1331 (6 Cir. 1968), cert. denied 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781 (1969); Winterhalter v. Three Rivers Motors Co., 312 F.Supp. 962 (W.D.Pa.1970).

Madison v. Manter, 441 F.2d 537 (1 Cir. 1971), supports the rule that a police officer, acting in good faith, is not liable, in a § 1983 action, for negligence in seeking a search warrant. The rationale is aptly stated at 538:

> "Plaintiff says that a police officer is hired to protect the public, and if he is negligent in seeking a warrant he failed in his undertaken duty. Apart from the fact that plaintiff has

no authority to support liability, we find his concept of a policeman's duty a very narrow one. A police officer has a much larger public to protect than the individual who, in good faith, he suspects of a crime. He, too, may be discouraged from seeking warrants if the cost is a suit for negligence. The individual who is the object of a warrant has a single-minded protector —the official whose duty it is to screen the application before issuing the warrant. This is the very purpose of the warrant procedure. *It must be enough.* We decline to place upon policemen acting in good faith the risk of personal liability if that official makes a negligent mistake . . ." (Emphasis added)

 In the case at bar, it is undisputed that the defendants believed that a violation of state law relating to illegal drugs was occurring in the plaintiff's apartment and that evidence of the crime could be found therein upon a search. The officers did not attempt a warrantless search but repaired to a judicial officer to secure a search warrant. The defendant Dollahite undertook to detail all available information for the magistrate, who made a determination as to its sufficiency by issuing the warrant for the search. It is also undisputed that the defendant officers did not exceed the scope of the warrant and executed it in accordance with law, no personal harm or injury being done to plaintiff or his property. When the officers seized illegally possessed drugs in the course of the search, they arrested him upon sworn affidavit. We need not consider whether the quoted information contained in Dollahite's affidavit constitutes probable cause in the eyes of this court, for even though the facts may be carelessly or partially stated, the defendant officers are not liable, under the foregoing authorities, in a § 1983 suit for their negligent mistakes and omissions in obtaining search warrants in

the course of the good-faith performance of their official duties.

There being set forth no specific facts showing that there is a genuine issue on good faith, defendants are entitled to prevail as a matter of law.

Let an Order be entered accordingly.